## WASHINGTON FIRE & MARINE INS. CO. *v.* CHESEBRO.

### (*Circuit Court, D. Connecticut.* September Term, 1887.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT TO PRINCIPAL.

Defendant, the agent of plaintiff, an insurance company, effected an insurance, and informed plaintiff thereof, upon which plaintiff, being dissatisfied, directed defendant to return the policy at once, saying that the risk was a prohibited one. Defendant, believing plaintiff misinformed as to the risk, so wrote, and held the policy. Plaintiff again directed the policy returned, which defendant did, but before notifying the insured thereof a loss by fire occurred which plaintiff was compelled to pay. *Held*, that defendant's disobedience of peremptory orders rendered him liable for the amount plaintiff had been compelled to pay.

At Law.

Action by the Washington Fire and Marine Insurance Company against Charles E. Chesebro, its agent, for negligence and disobedience of orders, whereby the plaintiff had been compelled to pay a loss. It appeared that plaintiff had ordered the insurance canceled, the policy still being in defendant's hands, as soon as they were informed of its having been effected, saying: "Please at once relieve us of the risk. The property in itself, and the exposure to the same, would make it prohibited with us. Let us have the policy, please, by return mail." The defendant, thinking the company misinformed as the risk, so wrote, and stated that he would hold the policy, which he had not yet written, until further orders from them. Immediately on receipt plaintiff again instructed defendant to return the policy, which he did. Before defendant notified the insured of the cancellation, the property was burned, and plaintiff paid the loss. Defendant claimed that he did not receive the last letter until the day the building burned, and, owing to the absence of the owners, could not notify them, and offered evidence tending to prove this fact. Plaintiff offered evidence to prove that the letter should in due course of mail have been received two or three days before the fire, and that in fact the letter from defendant containing the policy was received by them before the fire. Defendant's reason for believing plaintiff misinformed as to the risk was that the map of the village showed an exposure to an iron foundry, which no longer existed. After the jury were instructed as stated in the opinion, they found for plaintiff the sum of $1,548.43, the full amount of the loss paid, with interest and costs.

*A. P. Hyde,* for plaintiff.

*C. E. Perkins* and *Charles E. Searls*, for defendant.

SHIPMAN, J., (*charging jury.*)  1. It being admitted that the defendant was agent for the plaintiff, it was the duty of the defendant, upon receipt of the notice, dated July 31, 1885, peremptorily ordering him to cancel the risk, to proceed to do so with all reasonable diligence.

2. It being admitted that the office of the agent was within five minutes' walk of the office and place of business of E. T. Whitmore & Co., the insured, the agent's neglect to cancel said policy for a period of more than six days after the receipt of said peremptory order was such a neglect of duty as would render the defendant liable to the plaintiff for the loss incurred by the .plaintiff in consequence thereof.

3. That the delay after the receipt of the notice dated July 31st, is not excused by the fact—if it should be found—that the agent believed that the company were mistaken as to the safety or danger of the risk, or as to the wisdom of retaining the risk.

4. That if the agent delayed complying with the peremptory orders of the company to cancel the risk, and did so delay from a mistaken view of the safety of the risk and the wisdom of canceling it, or in the hope of persuading the plaintiff to continue the risk, the delay in the mean time was at his own peril and at his own risk if a fire should occur.

5. If the second order to cancel, dated the 7th day of August, 1885, was received by the agent in such season that he had one or two days before the day of the fire in which to cancel the risk, and he made no attempt so to do, such neglect on the part of the defendant was a breach of his duty, and would render him liable for the damages which the company suffered in consequence thereof.

The court further charged, adopting the language in the case of *Courcier* v. *Ritter*, 4 Wash. C. C. 551, as to instructions to an agent:

"If the order leaves him a discretion, the law requires of him nothing further than the exercise of a sound, honest judgment.   But if the order be free from ambiguity, is positive and unqualified, it must be rigidly obeyed, if it be practicable; and no motive connected with the interest of the principal, however honestly entertained, or however wisely adopted, can excuse a breach of it."