No. 21,106.

## ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Appellant*, v. THOMAS A. BIGGER, *Appellee*.

### SYLLABUS BY THE COURT.

INSURANCE AGENT—*Failure to Cancel Policy as Instructed—Agent's Liability for Loss.* When instructed to do so, it is the duty of an insurance agent to cancel a policy of insurance issued by him; and if he fails to cancel the policy he is liable to his principal for, the damage sustained by the principal unless the agent can show some valid reason for his failure to follow the instructions given him.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 8, 1917. Reversed.

*J. E. McFadden, O. Q. Claflin,* both of Kansas City, *M. A. Fike,* and *E. L. Snyder,* both of Kansas City, Mo., for the appellant.

*A. L. Berger,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover judgment against the defendant for damages caused by the defendant's failure to cancel a fire insurance policy. Judgment for costs was rendered in favor of the defendant, and the plaintiff appeals.

The plaintiff was an insurance company engaged in writing fire insurance. The defendant was the plaintiff's agent in Kansas City, Kan. James H. Garnsey, of Kansas City, Mo., applied to the defendant for an insurance policy to cover property owned by the Elm Ridge Golf and Country Club Association, and a policy, dated August 24,·1913, was issued by the defendant to the association in the sum of $3,000. The policy contained the following provision:

"This policy shall be canceled at any time at the request of the insured, or by the Company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void and cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy, or last renewal, this company retaining the customary short rate; except when this policy is

canceled by this company by giving notice, it shall retain only the *pro rata* premium."

Immediately on receipt of the daily report, forwarded by the defendant, the plaintiff notified the defendant to take up and return the policy at once. On October 27, 1913, the property insured was destroyed by fire. The premium on the policy was paid to the defendant by Mr. Garnsey some time in September, 1913, and that premium was remitted to the plaintiff about December 20, 1913, after the property had been burned. On October 29, 1913, the defendant wrote to the plaintiff as follows:

"Enclosed please find loss notice under above policy, Elm Ridge Golf & Country Club Association.

"I received notice to cancel this policy and had same rewritten three times. I supposed your policy had been canceled and find Company in which 'this business had been placed canceled same and through some oversight this policy was still in force. Very sorry this has occurred, as I thought policy had been sent you long since and did not know any different until this notice was received."

The plaintiff paid $2,531.35 to the Elm Ridge Golf and Country Club Association in full settlement of its liability under the policy. From the time the plaintiff wrote the defendant to take up and return the policy until it received the notice of loss it did not know that the policy had not been taken up or canceled. The defendant testified that when he received the letter notifying him to take up and return the policy he talked with James H. Garnsey concerning the matter and told him that the company desired to cancel the policy, and asked him to return it, and that Mr. Garnsey agreed to do so. That testimony was contradicted by Mr. Garnsey.

This action was brought by the plaintiff to recover the amount, with interest, that it had paid on the policy.

The plaintiff complains of the thirteenth instruction to the jury. The court, in part, instructed the jury as follows:

"9. If you find from the preponderance of the evidence that the defendant was instructed by the plaintiff to cancel and return the policy in question, then it was the duty of the defendant to exercise such care and diligence to procure said policy and cancel the same as a reasonably prudent person, engaged in the same business, would have exercised under the same circumstances; and if the defendant failed to exercise such care and diligence and thereby caused the plaintiff to suffer loss by reason of being compelled to pay said policy of insurance after the in-

Insurance Co. v. Bigger.

sured premises had burned, then it will be your duty to return a verdict in favor of the plaintiff for the amount of the loss so sustained by the plaintiff, together with interest thereon from the date of the payment of said policy to the date of your verdict, not to exceed the amount claimed by plaintiff in its petition; unless plaintiff by its own conduct is barred from recovery as hereinafter stated in instruction No. 13.

"13. If you find from the evidence that the plaintiff had the right to cancel said policy under the terms thereof and with full knowledge of all the facts and circumstances in connection with said policy, the insured premises, and the defendant's failure, if any, to take proper steps to have said policy canceled, elected to allow said policy to continue in force and failed to exercise its right to cancel said policy and thereby suffered a loss then no right to recover damages accrued to the plaintiff and your verdict will be for the defendant."

The 13th instruction was erroneous. There was no evidence on which it could properly be submitted. The plaintiff's direction to the defendant to cancel the policy was positive and unambiguous. It was the defendant's duty to obey his instructions. In *Insurance Co. v. Baer*, 94 Kan. 777, 147 Pac. 840, this court said:

"An insurance agent who issues a policy of insurance in violation of the instructions of his company is liable to the company for the amount of insurance paid and expenses incurred by the company on account of a loss under the policy." (Syl. ¶ 2.)

If an insurance agent is liable for issuing a policy in violation of his instructions, he must be liable for his failure to cancel one when instructed so to do.

"It is the duty of the principal's agent when ordered peremptorily to cancel a risk, to exercise reasonable diligence to execute the order, and his neglect to do so renders him liable to the company for a resulting loss." (2 Joyce on The Law of Insurance, 2d ed., § 666.)

(See, also, *Insurance Co. v. First National Bank*, 18 N. D. 603; *Franklin Ins. Co. v. Sears*, 21 Fed. 290; *Washington Fire & Marine Ins. Co. v. Chesebro*, 35 Fed. 477; Note, 22 L. R. A., n. s., 509; 2 C. J. 715.)

The defendant did not cancel the policy, and no excuse was shown by him for not doing so. The plaintiff did not elect to allow the policy to continue in force. It supposed that the policy had been canceled until the letter to the contrary was received from the defendant. The defendant's agency was then revoked. After the agency had been revoked, and after the plaintiff's liability on the policy had been fixed, the de-

fendant remitted the premium to the plaintiff. The acceptance and retention of the premium by the plaintiff at that time did not relieve the defendant from liability.

The judgment is reversed and a new trial is directed.