No. 10,700.

C. H. PARKER & SON ELECTRICAL CO. *v.* BATTERSON.

Decided November 5, 1923.

Action for breach of warranty covering a heating plant. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. EVIDENCE—*Written Contract—Oral Representations.* Although a written order for a heating plant contained a clause that it comprised the entire contract, there was no error in admitting evidence of oral representations concerning a contract aside from the order, which the selling agent admittedly had authority to make.

2. .SALES—*Agency—Jury Question.* In an action for breach of warranty covering a heating plant, whether the seller of the plant was acting for itself or as agent for the manufacturer, held a question of fact, and properly submitted to the jury for determination.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. M. H. KENNEDY, for plaintiff in error.

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there.

The caloric pipeless furnace was manufactured by The Monitor Stove Company. One was sold to plaintiff, by or through defendant, and the purchase price, $240.00, was paid. Claiming this plant failed to meet the terms of a warranty plaintiff sued both maker and seller to recover the purchase price. The action was brought in justice court and judgment was for plaintiff. The stove company did not appear further. Defendant appealed to the county court where the cause was tried to a jury and verdict was returned for plaintiff. To review the judgment thereupon entered this writ is prosecuted and defendant asks that it be made a supersedeas.

Plaintiff signed a written order for the equipment including "Hot water radiator attachment with all connections, to heat garage, and special furnace coil." The order said

nothing about installation, which it is admitted was a part of the contract, but contained the following clause: "This instrument comprises the entire contract between the parties hereto, and any verbal representations and agreements outside of or contradictory to the foregoing terms and warranty are hereby agreed to be void for all purposes whatsoever."

The "warranty" referred to was a printed statement in the order that "the manufacturers guarantee said equipment against defective material or workmanship for one year from date of delivery," and the written statement on the face of the order that it was "covered by Monitor Moneyback Guarantee." Said "guarantee," signed by the manufacturer, was delivered with the furnace. It recites the purchase "from the C. H. Parker & Son Electric Company" of the furnace "complete with hot water radiator" and guarantees that the plant "will heat the building of the purchaser to a temperature of 70 degrees Fahrenheit in the coldest weather." Plaintiff purchased through one Hall, a salesman of defendant. That one of the principal objects of plaintiff in contracting for the furnace was to heat his garage and that it was a failure in that particular are not disputed. On that failure plaintiff's action is based.

Evidence was admitted concerning oral representations said to have been made by Hall to plaintiff and relied upon. It is contended that the clause of the order above quoted was thus violated. But as there was a contract aside from the said order which Hall admittedly had authority to make, there is no merit in the contention.

Defendant insists that it was a mere agent of the manufacturer, which agency was disclosed; hence plaintiff, having sued the principal, cannot look also to it. But the "Moneyback Guarantee" recites that the purchase was from defendant and other evidence was to the effect that plaintiff dealt with defendant as principal, relied upon the representation of Hall in its behalf, and had no knowledge of the stove company until the deal was closed and the furnace installed. This evidence was properly covered by the

court's instruction No. 3, which told the jury that: "If you believe and find from a preponderance of the evidence that the defendant was acting only as the agent of The Monitor Stove Company, and not for and on behalf of itself, then your verdict should be for the defendant."

The question was therefore one of fact properly presented to and decided by the jury and the verdict must stand.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR not participating.