## No. 11,270.

ECKHARDT, ADMINISTRATOR v. GREELEY NATIONAL BANK.

Decided April 19, 1926.

Action for damages for negligence.   Judgment for defendant.

### Affirmed.

1. JURY—*Special Findings.* Findings by a jury in response to special interrogatories are allowable under section 219 of the Code.

2. PRINCIPAL AND AGENT—*Agency—Jury Question.* Agency is a question of fact which may be properly submitted to the jury for determination.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. HARRY N. HAYNES, Mr. RALPH L. DOUGHERTY, Mr. E. H. HOUTCHENS, Mr. ERNEST MORRIS, for plaintiff in error.

Mr. H. E. CHURCHILL, Mr. WM. R. KELLEY, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFF in error was plaintiff in the district court, in an action for negligence. He was defeated and wants the case reversed.

Plaintiff's intestate, Robert Eckhardt, lost $6,500 and incurred expenses on account of a bad loan made by his broker, W. G. Hayden, with Eckhardt's money. Further details will be found in *McClellan v. Morris*, 71 Colo. 304,

206 Pac. 575, to which case Eckhardt was a party. It was there determined that a deed of trust securing a note for $6,500 signed by one Achziger, payable to one W. C. Roberts, and endorsed and delivered to Eckhardt, was subject to two prior trust deeds on the same land. It is the same paper mentioned in this action.

Hayden, while so acting as broker for Eckhardt, was at the same time the second assistant cashier of defendant bank, and plaintiff charges that Hayden's negligent acts were the acts of the bank.

Robert Eckhardt, since deceased, was a customer of the defendant bank, as well as Hayden's client; Eckhardt bought a cashier's check from the bank for $6,500, payable to W. C. Roberts. Eckhardt got value for value from the bank in the cashier's check, and when it was cashed, the verdict of the jury indicates that this ended the connection of the bank with the affair.

The cashier's check was used by Eckhardt, through Hayden, to pay W. C. Roberts for the Achziger note and trust deed; Hayden, as Eckhardt knew, was handling a side line on his own account, as a real estate and loan broker, separate and apart from his second assistant cashiership for the bank. Hayden and Eckhardt had engaged in similar transactions before, out of which Hayden got commissions, as he did in this instance; there were not and had not been any such dealings between Eckhardt and the bank, but when Hayden finally slipped, through too much confidence in Roberts, or from whatever cause, Eckhardt sued the bank. Eckhardt died while the suit in the lower court was pending, and Frank A. Eckhardt, administrator, plaintiff in error, was substituted as party plaintiff.

Hayden's negligence and Eckhardt's loss by reason thereof will be assumed. The sole question is then one of fact: Was Hayden the agent of the bank in negotiating the Achziger-Roberts note, with its defective security and attendant loss to Eckhardt? If so, the bank is liable; otherwise not.

The following special interrogatory was submitted to the jury at defendant's request: "Who was the agent and broker for Eckhardt in the purchase of the note and trust deed in question from Roberts? Was it the Greeley National Bank acting through its agent, or was it W. G. Hayden, acting in his individual capacity?" The answer of the jury was: "It was W. G. Hayden, acting in his individual capacity."

Counsel for plaintiff contend that there is no authority for such special findings, but they are allowable under section 219 of the 1921 Code of Civil Procedure. There was also a general verdict in defendant's favor.

Agency is a question of fact, properly submitted to the jury for determination. *C. H. Parker & Son Electrical Co. v. Batterson,* 74 Colo. 188, 219 Pac. 1077; *Burnell v. Morrison,* 46 Colo. 533, 105 Pac. 876; 21 R. C. L., p. 822, sec. 6.

The case has been presented clearly, both at the oral argument and in the briefs, but we are unable to regard plaintiff's points other than as largely a reargument on questions of fact, properly submitted to the jury, and held adversely to plaintiff. The verdict is quite consistent with what is said on page 311 of the opinion in the McClellan case, that Hayden was Eckhardt's agent, according to Eckhardt's own testimony. The McClellan decision was pleaded and proven by plaintiff in the present case, and either in connection with or independently of that decision, we think the evidence was sufficient to justify the verdict.

We perceive no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.