## WASHINGTON et al. v. MECHANICS & TRADERS INS. CO.

No. 23688.   Sept. 17, 1935.

Rehearing Denied Nov. 5, 1935.

Vance & Bliss, for plaintiffs in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

PER CURIAM.   This is an appeal from the judgment of the common pleas court of Tulsa county.   The parties will be referred to as they appeared in the trial court; the defendant in error as plaintiff, and the plaintiffs in error as defendants.

The defendant in error, as plaintiff below, recovered judgment against plaintiffs in error, as defendants below, in the court of common pleas for Tulsa county, Okla.

The plaintiff declared upon two separate causes of action, the first cause of action being founded upon an itemized and duly verified statement of account of $190.30, which represented the amount of premiums due the plaintiff from Joe H. Edmondson, its local policy writing agent, on policies of insurance written by him in the plaintiff company.

The plaintiff's second cause of action is based upon a certain agency bond duly executed by the said Joe H. Edmondson, as the said local policy writing agent of the plaintiff, the said bond being executed by the said Joe H. Edmondson, as principal, and the said defendants J. Wilson Washington and Virgil D. Carlile, as sureties, which said bond was conditioned, among other things, that the said Joe H. Edmondson would faithfully and punctually account for and pay over to the plaintiff all sums due or to become due for premiums on policies issued by the said Joe H. Edmondson and which said bond was further conditioned that the said Joe H. Edmondson would well and truly perform all the duties of such agent of the plaintiff, and would comply with all the instructions contained in his commission of authority.

That the said Joe H. Edmondson, as the said agent of the plaintiff, executed and delivered to one Sallie Young a policy of insurance upon the property of Sallie Young in the sum of $1,500, which said policy the said Joe H. Edmondson was by the plaintiff ordered and directed to immediately cancel, which the said Joe H. Edmondson failed, neglected, and refused to do, and the said insured property being soon thereafter destroyed by fire, the said insured, Sallie Young obtained a judgment against the plaintiff on said policy of insurance in the sum of $1,500, which was paid by the plaintiff, and this action is to recover from the said defendants the loss and damage of the plaintiff according to the terms and conditions of said bond.

The plaintiff recovered judgment against the defendants on its first and second causes of action in the sum of $1,000, the liability of said defendants under their said bond.

The defendants assign as error the follow-

ing, alleging in their brief nine assignments of error, all of which may be discussed under the 5th, 7th, 8th, and 9th assignments of error, which read as follows:

"(5) Because of error of the court in refusing to admit competent evidence offered on behalf of plaintiffs in error."

"(7) Because of error of the court in sustaining demurrers of the defendants in error to the testimony offered on behalf of the plaintiffs in error."

"(8) Because of error of the court in not submitting the issues to the jury."

"(9) Because of error of the court in instructing the jury to return verdicts in favor of the defendant in error, on each cause of action."

Errors Nos. 5 and 7 will be discussed together in this opinion.

Defendant complains because the court refused to admit the following proof:

"Come now the defendants and offer to prove by this witness that by agreement between Joe Edmondson, Hugh Gill and Walter Kline, the agent of the plaintiff, that this business was taken over by Hugh Gill under the agreement between the three that he should pay the $190 balance out of his commissions upon renewal premiums."

To this offer of proof the plaintiff objected for the reason the same was wholly without the issues in the case and there had been no specific defense pleaded by the defendants, which objection was sustained by the court on the ground that defendants had filed an unverified general denial, and that such defense was not admissible under such pleadings.

Defendants rely on the case of Jones v. El Reno Mill & Elevator Co., 26 Okla. 796, 110 P. 1071. This case does not sustain the contention of the defendants. There it was alleged that the plaintiff sold and delivered to the defendant merchandise of the value of $864.85, and that defendant had made sundry payments on the account amounting to $390.68, leaving an unpaid balance of $474.17, and the court held that as plaintiff alleged and had been paid and credited on said account the sum of $390.68, leaving an unpaid balance of $474.17, the defendant could make proof of payment under a general denial, but that case differs from the case at bar, in that the petition alleged payment and credits, while the case at bar is for a balance due and verified; however, the court held in Jones v. El Reno Mill & Elevator Co., in the closing paragraph of the opinion, as follows:

"If plaintiff had sued on the account, ignoring the partial payments, it would have been necessary for the defendant to plead payment in order to introduce evidence of any payments made."

This question has been passed on a number of times in this state. The case of Ince Nursery Co. v. Sams, 73 Okla. 138, 177 P. 370, held:

"Payment is a matter of defense and must be pleaded and proved by him who claims it."

Also, it was held in the case of Lawless v. Tuthill, 97 Okla. 210, 223 P. 613:

"It is fundamental that payment is a matter of defense and must be pleaded. The defense of payment is not admissible under a general denial where proper objections are made to the introduction of testimony tending to establish such defense of payment."

Also, the case of Upham Shoe Co. v. Pollard, 111 Okla. 228, 239 P. 244, held:

"Payment is an affirmative defense, and to be available must be expressly pleaded. It cannot be shown under a general denial."

Also, the case of Reserve Loan Life Ins. Co. v. Simmons et al., 140 Okla. 212, 282 P. 279 the court held:

"Payment is an affirmative defense, and to be available must be expressly pleaded, and it cannot be shown under a general denial."

The principle announced in the case of Budd Hoard Co. v. A. B. Kirschbaum Co., 115 Okla. 21, 242 P. 268, applies to this case, wherein the court says:

"The object of an answer is to apprise plaintiff of the defense intended to be set up in bar of his claim, and settlement for less than the amount due is not provable under a general denial or plea of payment. Where defendant rests his case on a settlement for less than the amount due based upon the fact that plaintiff accepted and collected defendant's check bearing the words 'Payment in full for Spring season' it must be specially pleaded."

21 Ruling Case Law, page 115, sec. 127, reads as follows:

"Under the code system of pleading, payment is new matter constituting a defense and must be pleaded by the defendant, and it cannot be proven under a general denial, either in bar or in mitigation of recovery."

31 Cyc. page 693, is as follows:

"Under the code system of pleading new matters of avoidance or defense cannot be given in evidence under a general denial, but must be specifically pleaded."

Therefore, it is plain that the trial court was correct in sustaining the objection to the introduction of the evidence offered in this case, because such a defense had not been properly pleaded in the answer of defendants.

In the seventh assignment of error the defendants complain because the court sustained demurrers to their testimony.

In the eighth assignment of error the defendants complain because the court did not submit the issue to the jury, and in the ninth assignment of error the defendants complain because the court instructed the jury to return a verdict against them. These three assignments of error will be considered together.

The defendants as sureties on the agent's bond obligated themselves that the said Joe H. Edmondson, the agent, would well and truly perform all the duties of said agent of said company, and comply with all the instructions contained in his commission of authority, and also that may be from time to time communicated to said agent." The undisputed testimony in the record shows that the plaintiff instructed the said Edmondson on October 21, 1927, to cancel the policy issued to Sallie Young, and said instruction was repeated on November 1, 1927, November 15, 1927, and November 29, 1927, yet, in view of these instructions, the agent, Edmondson, failed, neglected or refused to cancel said policy. The further fact was undisputed that the house of the assured was destroyed by fire and that the husband of the assured, John Young, was in the agent's office the day before the fire, and that the cancellation of this policy was discussed, and the agent, Edmondson, at that time did not cancel the policy when he had sufficient funds on hand to return the premiums, but instead of this he continued the policy in effect in direct conflict with his instructions and refused to talk the matter over with the general agent, Kline, of the insurance company when he came to his office the next week, and the property was destroyed the next night, and plaintiff company had to pay the loss.

"Where an agent, whose powers extend to the cancellation or policies, is directed by the company to cancel a policy, and he neglects to do so within a reasonable time, and in the meantime there has been a loss, he is liable to the company for the amount which the latter is compelled to pay on such loss, unless he can show some valid reason for his failure to follow the company's direction. His delay or failure to cancel the policy will not be excused by the fact that he believed that the company was mistaken as to the safety or danger of the risk, or as to the wisdom of retaining it, or by the fact that he gave notice of the cancellation to the broker who negotiated the insurance and directed him to cancel it." 32 C. J. 1073, sec. 151.

In the case of Kraber's Ex'rs v. Union Ins. Co. (Pa.) 18 Atl. 491, it is said:

"When the principal gives instructions, they are binding on the agent, and he must follow them. He has no legal right to sit in judgment on the wisdom or the expediency of the directions that are given him. His duty as agent is to execute the orders of his principal with reasonable promptness and with fidelity."

In the case of St. Paul Fire & Marine Ins. Co. v. Laubenstein (Wis.) 155 N. W. 918, it was held:

"An agent is bound to exercise good faith and diligence in his relations with his principal and in following the instructions of his principal.

"An agent in the discharge of his duties as such must exercise ordinary care, and for negligence in failing to do so he will be liable to his principal."

In the case of Washington Fire & Marine Ins. Co. v. Chesebro, 35 Fed. 477, it is said:

"Defendant, the agent of plaintiff, an insurance company, effected an insurance and informed plaintiff thereof, upon which plaintiff, being dissatisfied, directed defendant to return the policy at once, saying that the risk was a prohibited one. Defendant, believing plaintiff misinformed as to the risk, so wrote and held the policy. Plaintiff again directed the policy returned, which defendant did, but before notifying the insured thereof a loss by fire occurred, which plaintiff was compelled to pay. Held, that defendant's disobedience of peremptory orders rendered him liable for the amount plaintiff had been compelled to pay."

In the case of St. Paul Fire & Marine Ins. Co. v. Bigger (Kan.) 169 P. 213, it was held:

"When instructed so to do, it is the duty of an insurance agent to cancel a policy of insurance issued by him; and, if he fails to cancel the policy, he is liable to his principal, for the damage sustained by the principal, unless the agent can show some valid reason for his failure to follow his instructions."

The neglect and failure of the agent, Edmondson, to carry out the instructions of plaintiff company to cancel the Sallie Young policy, for more than five weeks, was not the exercise of good faith and reasonable diligence, as to which reasonable men could differ, and the fact that the plaintiff company had the same authority to cancel the

policy would not excuse or justify the agent, Edmondson, in failing or refusing to follow its instructions.

This principle was laid down in 22 Cyc. 1438, which reads as follows:

"So if the agent is directed by the company to cancel a policy and neglects to do so, and there has been a loss, he is liable to the company for the amount which the company has had to pay on such loss, notwithstanding contributory negligence of the company in failing to cancel the policy itself."

In Westchester Fire Ins. Co. v. Bollin (S. C.) 90 S. E. 327, it was held:

"It is no defense to an action for an insurance agent's failure to cancel a policy that the special agent who directed its cancellation had power to cancel it."

At page 328 of the opinion, the court said:

"A man has the right to transact his own business. He has the right to employ as many agents and give them as much power as he pleases. When one agent undertakes to do a certain piece of work, he cannot relieve himself of responsibility by showing that there were other agents who had the same power."

Therefore, as the evidence offered by the defendants in the lower court did not make out a defense to plaintiff's cause of action, and as there was not such a conflict in the evidence offered whereby reasonable men could differ, the trial court was correct in sustaining the demurrers to defendants' evidence and in instructing the jury to return a verdict for the plaintiff. Therefore, the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of District Judge Roy Paul in the preparation of this opinion. The District Judge's analysis of the law and facts was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.