**MITTON et al. v. GRANITE STATE FIRE INS. CO.**

**GRANITE STATE FIRE INS. CO. v. MITTON et al.**

Nos. 4392, 4393.

United States Court of Appeals, Tenth Circuit.

May 13, 1952.

L. A. Hellerstein, Denver, Colo., for appellants and cross-appellees.

Arthur K. Underwood, Jr., Denver, Colo. (Pershing, Bosworth, Dick & Dawson, and Winston S. Howard, Denver, Colo., on the brief), for appellee and cross-appellant.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, Granite State Fire Insurance Company, was required to pay a loss of $11,612.23 on an insurance policy which it issued to Tunnel Constructors, a corporation. The policy covered, among other coverages, loss or damage to machinery caused by flood and landslide. This action was brought to recover the amount of the loss on a complaint alleging that the defendants were agents of the plaintiff for the transaction of fire and marine insurance and were instructed to obtain an endorsement on the policy which would operate to relieve the plaintiff from liability thereunder for any loss due to landslide or flood, or, in the alternative, to inform plaintiff if the endorsement was not acceptable to the insured so that plaintiff might cancel said insurance policy. It was alleged that defendants failed to carry out the instructions and that as a result the plaintiff became liable under the terms of the policy and paid the loss pursuant thereto.

The substance of the defense was a denial of any agency relationship between the plaintiff and defendants and that if such relationship existed there was no breach of any duty imposed upon defendants by the agency.

The case was tried to the court without a jury which found that the defendants were the agents of the plaintiff; that plaintiff had instructed defendants to obtain the consent of the insured to an endorsement on the policy which would relieve plaintiff from liability for damages caused by landslide and flood, or to notify plaintiff if the insured refused to accept such endorsement in order that plaintiff might cancel the policy in its entirety; and that defendants did not exercise due care and diligence in carrying out these instructions. The court concluded that the defendants were liable to the plaintiff for the loss and entered judgment in favor of the plaintiff for the amount of the loss without interest.

It is conceded that where an insurance company has the right under the provisions of an outstanding policy to cancel the same and instructs one of its agents to obtain a reduction of liability on or to cancel a policy, it becomes the agent's duty to follow these instructions promptly, and that if the agent fails to carry out the instructions diligently, as a result of which there is loss to the insurer, the agent is liable for the amount of the loss. Phoenix Ins. Co. v. Heath, 90 Utah 187, 61 P.2d 308, 106 A.L.R. 1391, cases collected in annotation, page 1397; Blackshear Mfg. Co. v. Umatilla Fruit Co., 5 Cir., 48 F.2d 174; St. Paul Fire & Marine Insurance Co. v.

Bigger, 102 Kan. 53, 169 P. 213; Washington v. Mechanics & Traders Ins. Co., 174 Okl. 478, 50 P.2d 621.

■■ The relationship of principal and agent is ordinarily a question of fact. Eckhardt v. Greeley Nat. Bank, 79 Colo. 337, 245 P. 710; Marron v. Helmecke, 100 Colo. 364, 67 P.2d 1034; Kelch v. Blevins, 177 Okl. 163, 57 P.2d 1189; Great American Life Ins. Co. v. Stephenson, 176 Okl. 295, 55 P.2d 56. A finding on this question of fact is binding on appeal if supported by substantial evidence or not clearly erroneous. Jones v. Grinnell, 10 Cir., 179 F.2d 873; Beard v. Achenbach Memorial Hospital Ass'n, 10 Cir., 170 F.2d 859; Boston Ins. Co. v. Read, 10 Cir., 166 F.2d 551, 2 A.L.R.2d 1155; Bradshaw v. Superior Oil Co., 10 Cir., 164 F.2d 165; Yates v. American Republics Corp., 10 Cir., 163 F.2d 178.

■■ Considering the evidence in the light most favorable to the plaintiff, which we are required to do, we think there is ample evidence to sustain the finding of the court that the defendants were agents of the plaintiff at the time they were instructed to obtain the endorsements. The defendant, Mitton, was in the business of writing insurance in the State of Colorado, and was president of the defendant, Finance Insurance Agency, Inc. Among other companies, he or the agency was the local agent for the Utah Home Fire Insurance Company. Tunnel Constructors was a combination of contractors doing tunnel work in the mountains near Estes Park, Colorado. It advised Mitton that it desired a policy of insurance to cover loss to its machinery including losses caused by landslide and flood. Utah Home would not accept the risk so it became necessary for Mitton to find a company that would write the policy. He telephoned to Charles H. Jones, a general agent for different insurance companies in Colorado including the plaintiff and Utah Home. The coverage was explained to Jones who, as a representative of the plaintiff, agreed to write the policy and executed a binder as of January 15, 1948. There was some delay in obtaining a list of the machinery to be covered and the policy was not issued until February 9, 1948. It was then turned over to Mitton for delivery to Tunnel Constructors. Jones testified that he had authority to appoint agents in Colorado for the plaintiff, and early in February, 1948, due to the fact that Mitton was going to place considerable marine insurance with the plaintiff, Jones made arrangements with Mitton to become an agent for the plaintiff so that he could sign policies, issue endorsements and generally carry out the duties of an insurance agent.

Following this arrangement Jones made application to the Colorado Commissioner of Insurance for a license authorizing the defendants to act as agents for the company. This license was received and mailed to Mitton and was in his possession. The state authorization was effective from March 1, 1948 to March 1, 1949. Mitton denied knowing of the issuance of the state authority or having it in his possession, but during the adjustment of the loss, he wrote the General Adjustment Bureau in which he stated that the policy was prepared by Mr. Jones because at the time defendants did not represent a company which would write the coverage. He stated, "we were later appointed agents for the Granite State."

Shortly after the delivery of the policy, Jones called Mitton and informed him that the plaintiff would not continue the risk of landslide and flood. Mitton was instructed to get in touch with the insured and ascertain from it if it was agreeable to an endorsement on the policy which would relieve plaintiff from these risks, and that if such consent was not obtained it would be necessary to place the insurance elsewhere. On February 11th, Jones' agency wrote to Mitton, called attention to the conversation, and submitted a form of endorsement to be attached to the policy eliminating the risk of landslide and flood. It requested that if the insured insisted upon this coverage an attempt would be made to place the insurance in another company.[1]

1. The letter states:
"February 11, 1948.
"Mr. Charles Mitton, Finance Insurance Agency, 1625 Broadway, Denver 2, Colorado.

Mitton did not reply to this letter but testified that he requested a release from the landslide liability. He apparently was reluctant to make the request for the release from the flood risk for the reason that he felt it might jeopardize a good insurance account. Jones made numerous requests of Mitton to obtain the endorsements. These requests were met with excuses for delay. On May 10th, after receiving a demand from the plaintiff, Jones wrote to Mitton advising him that the plaintiff insisted upon an immediate reduction of coverage and stated that if it could not be accomplished there was no other alternative than cancellation of the policy.[2] Mitton denied receiving this letter, but the evidence was that it was written and mailed in the usual course of business. On May 31st there was a loss to the insured property caused by a flood. Mitton had not, up to that time, presented the endorsement to the insured or requested the elimination of the flood risk.

After the loss, Mitton wrote to Jones stating that he regretted "the fact that I did not obtain the changes as the company requested, but I will comply with your request of June 4 to change the policies as you request by June 15 or will pick the policies up for cancellation." Shortly thereafter Mitton obtained the policy for cancellation.

Mitton also acknowledged in a letter to the adjuster who was handling the claim that he received the endorsement which was to relieve the plaintiff from the risk of both landslide and flood, but never presented it to the insured for a removal of the flood coverage. He stated that up to the middle of May, he was unable to see the representative of the insured who had placed the insurance with him and that he had advised Jones that he "did not want to go to the assured and change the coverage as written." Sometime after the loss Jones called upon Mitton and obtained the license authorizing Mitton to act as local agent for the plaintiff and it was subsequently cancelled.

█ We think the evidence is not only sufficient to sustain the court's finding that the defendants were acting as agents for the plaintiff, but also that the instructions to relieve the plaintiff from the liability for loss caused by landslide and flood were clear, definite and absolute and so understood by the defendants. It is evident that the plaintiff did not intend to carry the risk of landslide and flood. The conversations between Jones and Mitton together with the correspondence show beyond doubt that the instructions of the plaintiff were to obtain the release from these risks immediately or obtain the policy for cancellation. Defendants had handled the business from its origin and while acting as agents for the plaintiff made no effort to follow the instructions until after there was a loss, when the policy was picked up by Mitton for cancellation.

"Dear Charlie: Re: Policy No. 2SPF 6928. Tunnel Constructors.

"In accordance with our conversation of February 9, 1948, we submit herewith endorsement for attachment to captioned policy eliminating perils of landslide and flood. If this is agreeable with your insured, will you please see that they are attached to his policy and a signed copy obtained for our records.

"If on the other hand, your client feels that he must have this coverage, please advise and we will endeavor to place the line through one of our other inland marine writing companies.

    "Yours very truly,
    "Interstate Agency, Inc.,"

2. The letter states:
    "May 10, 1948.
"Mr. C. E. Mitton, Finance Insurance Agency, 1625 Broadway, Denver, Colorado.

"Re: Policy 2SPF 6928, Gordon Construction Company.

"Dear Mr. Mitton: The company is writing us that we must immediately have signed endorsement acknowledging reduction of coverage in regards to elimination of perils of landslide and flood under the captioned policy.

"If this cannot be accomplished, we will have no alternative but to ask for cancellation of the policy and rewrite it under one of the other companies in our general agency.

"Your immediate cooperation will be appreciated.

    "Yours very truly,
    "Interstate Agency, Inc.,"

Some contention is made that the defendants should be considered brokers representing the insured when this insurance was applied for and therefore could not be agents for the plaintiff. This would not relieve them from liability for their wrongful acts as they were agents of the plaintiff at the time the instructions were given and accepted the responsibility of obtaining the endorsements. An insurance broker is ordinarily an agent of the insured in obtaining insurance. Equity Mutual Ins. Co. v. General Casualty Co. of America, 10 Cir., 139 F.2d 723; Smith v. Firemen's Insurance Co., 7 Cir., 104 F.2d 546; International Paper Co. v. General Fire Assur. Co., 2 Cir., 263 F. 363; Eagle Star & British Dominions v. Tadlock, D.C.S.D. Calif., 22 F.Supp. 545, affirmed Walsh v. Tadlock, 9 Cir., 104 F.2d 131; American Casualty Co. of Reading, Pa. v. Ricas, 179 Md. 627, 22 A.2d 484. This relationship is terminated, however, when the requested policy has been accepted by the insured. Northwest Underwriters, Inc. v. Hamilton, 8 Cir., 151 F.2d 389; Hanley v. Marsh & McLennan-J. B. F. Davis & Son, 46 Cal.App.2d 787, 117 P.2d 69.

The defendants' contention that they had conformed to the plaintiff's instructions by advising Jones that the insured would not accept the insurance without the "flood coverage," is without merit. Jones testified that he was not so advised, and the inferences from Mitton's testimony and his report on the loss are that the flood coverage was never discussed with the insured. The finding of the trial court that the defendants did not comply with the instructions relating to the flood coverage is sustained by the evidence.

The cross-appeal presents the question of the right of the plaintiff to interest from the date of the payment of the claim. Under Colorado law "interest is a creature of statute, and, in the absence of contract, is recoverable as such only in such cases as are enumerated in the statute". Bankers Trust Co. v. International Trust Co., 108 Colo. 15, 113 P.2d 656, 665, and cases cited. The trial court denied the allowance of interest on plaintiff's claim prior to judgment on the ground that it was not such as to bring it within the Colorado statute. '35 C.S.A., Ch. 88, Sec. 2. It is contended, however, that although the Colorado decisions hold that interest as such may not be recovered upon a claim such as presented in this case, the rule is that an equivalent of interest may be recovered as damages for the tortious taking and detention of money or property. Bankers Trust Co. v. International Trust Co., supra. The Colorado courts have not passed upon the right to interest in cases similar to the one before us and we are unwilling to overrule the considered appraisal of the trial judge. His view of the Colorado law is entitled to great weight and should not be overruled unless it is clearly erroneous. MacGregor v. State Mutual Co., 315 U.S. 280, 281, 62 S.Ct. 607, 86 L.Ed. 846; Reitz v. Mealey, 314 U.S. 33, 39, 62 S.Ct. 24, 86 L.Ed. 21; Northern Liquid Gas v. Hildreth, 8 Cir., 180 F.2d 330; Mast v. Illinois Cent. R. Co., 8 Cir., 176 F.2d 157; Abbott v. Arkansas Utilities Co., 8 Cir., 165 F.2d 339; Globe Indemnity Co. v. Wolcott & Lincoln, Inc., 8 Cir., 152 F.2d 545; Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709.

Judgment is affirmed.