**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ST. PAUL REINSURANCE
COMPANY, LTD., a foreign
corporation,

Plaintiff-Appellant,

v.

CLUB SERVICES CORPORATION,
a/k/a Automobile Club Insurance
Agency, a/k/a AAA Insurance, a/k/a
Automobile Club Insurance Company;
CHARLES MARTIN, an individual,

Defendants-Appellees.

No. 01-5029
(D.C. No. 00-CV-243-B)
(N.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this negligence action, plaintiff St. Paul Reinsurance Co., Ltd., appeals after a jury verdict in its favor, seeking a remand for new trial on damages only. We reverse, but remand for new trial on both liability and damages.

In the present action, St. Paul sued its agent Charles Martin and Martin's employer, Club Services Corporation, for damages arising from the mishandling of the insurance application of Ms. Ethel Wilson. Ms. Wilson had applied for coverage for her home from St. Paul and thought she was fully covered. Unbeknownst to her, however, St. Paul had refused coverage and returned the premium to defendants who did not, in turn, refund it to Ms. Wilson or inform her that coverage had been denied. Ms. Wilson's garage was later completely destroyed by fire. When St. Paul denied coverage, Ms. Wilson sued St. Paul for contractual damages and for failure to act in good faith and with fair dealing. St. Paul settled the contract claim early in the litigation for $17,921 and later settled the bad faith claim for $216,000. Including attorney fees and costs associated with the defense of the bad faith claim, St. Paul expended approximately $305,406 on the Wilson matter.

St. Paul then brought this action against Mr. Martin and Club Services alleging that their combined negligence caused the loss to St. Paul. In its

-2-

instructions to the jury, the court, relying on Oklahoma law regarding bad faith insurance claims, imposed a ceiling on the verdict of $17,921, the amount St. Paul paid to settle the contract claim, [1] and instructed the jury to ignore the other evidence it had heard about St. Paul's damages. The jury apportioned negligence at sixty-five percent to Mr. Martin and Club Services and thirty-five percent to St. Paul. St. Paul was awarded damages of $11,648.65 plus prejudgment and post-judgment interest.

On appeal, St. Paul argues that the district court incorrectly applied Oklahoma law when it limited St. Paul's damages to those attributable solely to the contract claim and that this court should remand for a new trial on damages only. We agree that damages, if any, arising from Ms. Wilson's bad faith claim should have been considered by the jury as a part of damages incurred by St. Paul as a result of Mr. Martin's and Club Services' negligence.

The district court relied primarily on two cases establishing that, in Oklahoma, agents like Mr. Martin and Club Services cannot be liable for breach of the covenant of fair dealing. *See Hays v. Jackson Nat'l Life Ins. Co.*, 105 F.3d 583, 590 (10th Cir. 1997) ("Under Oklahoma law, the alleged knowledge and acts

---

[1] In the district court, St. Paul refused to allocate the attorney fees arising from the Wilson litigation between the contract claim and the bad faith claim, thus forcing the district court to restrict the jury's consideration to that of the dollar amount of the contract claim only.

of the agent at the time of the application [are] not imputed to the principal for purposes of determining whether the principal acted in bad faith."); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912 (Okla. 1982) (holding that an agent, as a stranger to an insurance contract, cannot be held to breach an implied covenant of fair dealing). We agree with the district court that Mr. Martin and Club Services cannot be held liable for any bad faith attributable to St. Paul in its dealings with Ms. Wilson. That, however, is not the theory upon which this case was brought.

St. Paul's complaint states that "St. Paul Reinsurance Company, Ltd. would not have incurred attorney fees, costs, expenses, or ultimately have paid any money as a result of the insurance claim submitted by Ethel Wilson, but for the neglect, negligence, breach of duty, and wrongful actions of Defendants, Club Services Corporation and Charles Martin." Appellant's App., Vol. I at 12. This case is a simple tort action between a principal, St. Paul, and its agents, Mr. Martin and Club Services. As such, the law regarding bad faith suits between insureds and insurers is inapposite, and, instead, the long-established principles of agency law apply. "An agent in the discharge of his duties as such must exercise ordinary care, and for negligence in failing to do so he will be liable to his principal." *Washington v. Mechanics & Traders Ins. Co.*, 50 P.2d 621, 624 (Okla. 1935) (quotation omitted).

Because this is a tort action between a principal and an agent, the traditional tort measure of damages applies. That remedy is an amount "which will compensate for all detriment proximately caused [from the breach of an obligation not arising from contract], whether it could have been anticipated or not." Okla. Stat. tit. 23, § 61. Should defendants be found to have been negligent and should that negligence be found to have precipitated Ms. Wilson's bad faith claim, St. Paul will be entitled to recover damages from defendants for the injury it suffered as a result of that claim.

Finally, St. Paul urges this court to remand for a new trial on the issue of damages only, arguing that the comparative negligence percentages already determined by the jury should be left in place and applied to the damages emanating from the bad faith claim. We are unable to agree with this approach.

While it is true that the jury found defendants sixty-five percent responsible for the breach of contract damages, the same jury was specifically prohibited by the trial court from considering evidence about the bad faith claim and its associated damages. We are unable to conclude that because defendants were sixty-five percent responsible for the breach of contract damages they were also necessarily sixty-five percent responsible for the bad faith damages. Any new trial of this case will have to examine, among other issues, the possible respective negligence of the parties which caused Ms. Wilson to bring her bad faith claim in

the first place.  Only after that determination is made will an appropriate award of damages be possible. [2]

REVERSED and REMANDED for a new trial on both liability and damages.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2]     We note that such damages may include the costs and expenses along with reasonable attorney fees incurred in the Wilson litigation.  *See Barnes v. Okla. Farm Bureau Mut. Ins. Co.,* 11 P.3d 162, 181 (Okla. 2000).