AMERICAN INSURANCE CO. OF NEWARK *v.* MARTINEK.

1. APPEAL AND ERROR—FINDINGS OF FACT—REVIEW—STATUTES.

    Under section 15, chap. 18, of the judicature act (3 Comp. Laws 1915, § 12587), errors based upon exceptions that findings of fact are against the weight of the evidence are reviewable by the Supreme Court.

2. INSURANCE—PRINCIPAL AND AGENT—CANCELLATION OF POLICY—DUTY OF AGENT—LIABILITY.

    When instructed so to do, it is the duty of an insurance agent to cancel a policy of insurance issued by him, and if he fails to cancel he is liable to his principal for the damage sustained by the principal, unless the agent can show some valid reason for his failure to follow his instructions.[1]

3. SAME—NOTICE—CONTRIBUTORY NEGLIGENCE.

    In an action by an insurance company against its agent for a loss occasioned by the neglect or refusal of the agent to cancel a policy after repeated instructions to do so, where letters in evidence from plaintiff to defendant showed that plaintiff assumed that the policy had been canceled and that the agent had merely neglected to return it to plaintiff as instructed to do, and the agent did not inform plaintiff to the contrary, a finding by the court below that plaintiff by its general officers knew that the policy was not canceled and that it should be held guilty of contributory negligence for not canceling direct, *held*, not warranted by the evidence.

4. SAME—RETENTION OF PREMIUM—ESTOPPEL.

    Where it appeared from defendant's testimony that he retained the entire premiums collected on plaintiff's policies for 2½ months, and that all he had to do was to pay the return premium out of plaintiff's funds, give himself credit for that amount, charge it to the company, and deduct it from his next statement, and return the policy in lieu of the cash, there is no merit in defendant's claim that plaintiff retained the premium and was thereby estopped from maintaining the suit.

Error to Menominee; Flannigan, J.   Submitted

[1]See notes in 22 L. R. A. (N. S.) 509; L. R. A. 1915A, 860.

June 7, 1918. (Docket No. 70.) Decided September 27, 1918. Rehearing denied January 31, 1919.

Case by the American Insurance Company of Newark, N. J., against Jacob J. Martinek for failure to cancel a policy of insurance. Judgment for defendant. Plaintiff brings error. Reversed.

*Sawyer & Sawyer* (*Thomas Bates*, of counsel), for appellant.

*Doyle & Barstow*, for appellee.

KUHN, J. In this action it is sought to recover damages occasioned to the plaintiff because of the failure of the defendant, as plaintiff's agent, to obey its instructions and cancel a certain fire insurance policy written by the defendant in the plaintiff corporation. The case was tried before the judge without a jury, who at the close of the testimony filed written findings of fact and of his conclusions of law and entered judgment in favor of the defendant. The case is brought here by the plaintiff to review the conclusions of law of the learned trial judge and the findings of fact by him made.

In order that the case may be fairly understood, it is necessary to set forth certain facts. The plaintiff has been lawfully engaged in carrying on the business of fire insurance in this State, prior to, on, and ever since October 21, 1910, and the defendant conducted a general fire insurance agency at Menominee in this State, where he represents some 35 insurance companies, including, during the period of this controversy, the plaintiff in this case. The appointment of the defendant as agent contained the following:

"To receive proposals for insurance against loss and damage by fire, * * * to fix rates of premiums, and receive moneys for transmission to the company,

and to countersign, issue and renew policies of insurance signed by the president and secretary of the company, subject to the rules and regulations of the company, and such instructions as may from time to time be given by its officers and managers."

The appointment was not for any specified time, but the right was reserved in the company to revoke the appointment at any time. Five years before the appointment of the defendant to the agency for the plaintiff, the defendant's predecessor in said agency issued a policy of insurance in said company, insuring one Jule Duquaine against loss or damage by fire, covering a certain elevator building, the machinery and appliances therein, and other contents thereof, located at Carney in said county, in the sum of $3,400. This policy had been renewed from year to year and was in force when said defendant received and accepted said agency for the plaintiff. The defendant thereafter annually renewed the said policy until April 17, 1916. On the 8th of April, 1916, the defendant filled out and delivered to said insured a policy of insurance insuring said property in like amount from April 17, 1916, to April 17, 1917, and on the same day reported the transaction to the plaintiff, which report was received by the plaintiff on April 10, 1916. On April 11th, and again on April 27th and on May 9, 1916, the plaintiff wrote to the defendant, disapproving the policy unless revised to cover not exceeding $1,500 on the building and equipment, with stock item to equal or exceed that amount. The defendant did not reply to any of these letters, and on May 24, 1916, the plaintiff wrote the defendant:

"Assuming from the delay that the assured is not willing to increase the grain insurance and cut down the building item, we must ask for the return of the canceled policy."

On the 9th and 17th days of June, 1916, the plain-

tiff, by the use of a blank form mailed to defendant, had said, among other things, with reference to this policy:

"As the policy has doubtless been taken up, please return it to this office at once. We wish to state that we never give an agent credit for the return premium on canceled policies until they are received at this office. * * *

"Trusting we will be favored with the above mentioned policy at once, we remain."

On July 3, 1916, a duly authorized special agent of plaintiff wrote to the defendant requesting attention at once and the cancellation and return of the policy, and on July 7th, 10th, and 28th a form letter, containing in substance what we have quoted above from the other form letter, was mailed to, and duly thereafter received by, the defendant. The defendant in no way replied to any of plaintiff's letters or notices regarding the policy, although he had written a great many policies in the plaintiff company and had canceled the policies when he had been requested so to do. The insured property was damaged by fire on July 31, 1916, entailing a loss as established by the proofs and adjustment, which the plaintiff was obliged to and did pay, on the 16th day of September, 1916, in the sum of $2,801.88, besides the expense of adjustment, amounting to $49.72. It is for these two amounts that this action is brought, with interest thereon from the date of payment.

Counsel for plaintiff and appellant in their brief, with reference to the rule of law applicable, said as follows:

"When instructed so to do, it is the duty of an insurance agent to cancel a policy of insurance issued by him, and if he fails to cancel, he is liable to his principal for the damage sustained by the principal, unless the agent can show some valid reason for his failure to follow his instructions."

In reply, counsel for defendant say, referring to this statement of the law:

"So far as the above statement of law goes, it is unchallenged. There is no doubt that the above quotation is a correct statement of a rule of the law of agency. The difficulty with opposing counsel is that they stop short with this one rule of agency and disregard entirely other and equally binding, well-settled rules of this same law of agency. One need not look into a law book to know that unless a principal had some redress against his agent for disobedience of instructions, there would be few relations of principal and agent established."

But it is insisted that, notwithstanding the acknowledged negligence on the part of the defendant, no right of recovery should be had in this case, because it is urged that the doctrine of contributory negligence on the part of the plaintiff should be invoked, and that if this is done, under the findings of fact of the court, the defendant should not be held liable. In the findings of fact the following is found:

"The facts and circumstances of the case justify the inference which is drawn, that the plaintiff's general officers knew the defendant had not rearranged the insurance or canceled the policy, and in ample time to have prevented a loss by cancellation direct."

The seventh assignment of error is as follows:

"The court erred in finding, and in refusing to strike therefrom, as per plaintiff's fifth proposed amendment, as follows: 'But the question remains whether he (referring to defendant) could be held for the loss where it appears the plaintiff knew of his disobedience in ample time to have avoided loss by cancellation of policy itself,' because the same, and the assumption of facts referred to is against the clear weight of the evidence."

It, therefore, becomes necessary for us, by virtue of section 15, chap. 18, of the judicature act (3 Comp. Laws 1915, § 12587), to review this finding of fact.

We cannot agree with the learned trial judge that, under the circumstances of this case, the plaintiff should be held guilty of contributory negligence or that the doctrine of avoidable consequences can be made to apply. The record showed that the defendant had, under the instructions of plaintiff, prior to this time canceled a great many policies, and he clearly understood it to be his duty, when instructed to do so by the plaintiff, and it seems to us that the plaintiff had the right to believe, and that the record justifies the conclusion that it did believe, that its instructions as to the cancellation of this policy were being obeyed, for in the notice sent by the plaintiff as late as the 28th of July, there appeared the following:

"We again call your attention to the fact that we have not as yet received policy No. 11173, issued to Jule Duquaine and ordered canceled ——————— 1916, at your agency. As the policy has doubtless been taken up, please return it to this office at once."

The defendant did not answer a single one of the letters that he received, but refused to obey the instructions of the plaintiff as to canceling the policy. The agent was located hundreds of miles from the principal, and the only method by which the plaintiff could ascertain whether the policy had been canceled was through its agent, who refused to advise it whether he had canceled it or not, but instead of doing so, he stubbornly refused and neglected to perform his duty under his appointment as the agent of the plaintiff. We are of the opinion that there is nothing in the record to warrant the inference that the plaintiff knew that the policy was not canceled, but in our opinion the conclusion is clearly warranted that they supposed that their positive instructions as to cancellation of the policy had been complied with and that the plaintiff had been refusing to return the canceled policy. A somewhat similar case is found in 169 Pac. 213

203—Mich.—8.

(a Kansas case), *St. Paul Fire & Marine Ins. Co.* v. *Bigger*, 102 Kan. 53. Another instructive case is *London Assurance Corporation* v. *Russell*, 1 Pa. Super. Ct. Rep. 320, where the court said:

"In the defendant's testimony, the plaintiff company is relieved entirely of any charge of contributing to this loss, as the letters produced by the defendant clearly show that the company relied on their first notice through their representative, Mr. Calley. The primary obligations of an agent, whose authority is limited by instructions, is to adhere faithfully to those instructions in all cases to which they ought properly to apply. He is, in general, bound to obey the orders of his principal exactly, if they be imperative, and not discretionary; and, in order to make it the duty of a factor to obey the order, it is not necessary that it should be given in the form of a command. The expression of a wish by the consignor may fairly be presumed to be an order. * * * One who receives orders to cancel a policy delays their execution at his peril."

It is also said by counsel for defendant that as the company retained the premium, that fact operated as an estoppel against the plaintiff. We do not think there is any merit in this contention, for the defendant testified:

"At the end of the month I make a current statement and send it to the company. In 45 days or 50 days thereafter, they draw on me through the bank. If I had canceled this Duquaine policy, I would have had to pay Mr. Duquaine back his unearned premium, then I would charge that to the company, and in my balances I get credit for it."

It appeared that the defendant at all times had in his possession the entire premiums collected on plaintiff's policies for two and one-half months, and all he had to do was to pay the return premium out of plaintiff's funds, give himself credit for that amount, charge it to the company, and deduct it from his next

statement, and return the policy in lieu of the cash. With him it was simply a matter of bookkeeping.

After a careful review of this record, we are satisfied that the trial judge erred in rendering a judgment for the defendant, and a judgment upon these facts should have been entered for the plaintiff for the full amount claimed. The judgment is, therefore, reversed and a new trial granted, with costs to the appellant.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.