ANDREWS v HASTINGS MUTUAL INSURANCE COMPANY

1. INSURANCE—PRINCIPAL AND AGENT—PRINCIPAL'S INSTRUCTIONS—
CONTRIBUTORY NEGLIGENCE.

> The insurer's contributory negligence is available to an insurance
> agent as a defense where the insurer is suing the agent for
> failure to carry out instructions to cancel a policy before a loss
> has occurred.

2. INSURANCE—PRINCIPAL AND AGENT—PRINCIPAL'S INSTRUCTIONS—
QUESTION FOR JURY.

> Summary judgment for insurer seeking indemnification from its
> agent who had failed to cancel a fire insurance policy, as
> ordered, before a loss occurred, constituted reversible error
> where questions of fact existed as to whether the insurer was
> justified in relying on its agent's promise to comply with
> instructions to cancel the policy, whether the insurer knew or
> should have known that no cancellation had occurred after
> receiving the agent's current accounts, and whether the insur-
> er's failure to effect a cancellation constituted contributory
> fault or a failure to mitigate its damages.

Appeal from Wayne, Victor J. Baum, J. Submit-
ted Division 1 January 5, 1972, at Detroit. (Docket
No. 10800.) Decided May 24, 1972.

Complaint by Alexander G. Andrews, trustee in
bankruptcy for Dundee Investment Company,
against Hastings Mutual Insurance Company, P.
L. Kanter, P. L. Kanter Agency, Inc., and other
insurers to recover on fire insurance policies.
Cross-claim by Hastings Mutual Insurance Com-
pany against P. L. Kanter, and P. L. Kanter

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance §§ 171, 172.
> Liability of insurance agent to insurer because of failure to cancel
> or reduce risk, 106 ALR 1397.

Agency, Inc., for indemnification for insurance paid to plaintiff because of failure to cancel plaintiff's insurance policy. Summary judgment for plaintiff against Hastings Mutual; summary judgment for Hastings Mutual against Kanter and Kanter Agency, who appeal. Reversed and remanded for trial.

*Plunkett, Cooney, Rutt & Peacock* (by *D. J. Watters)* for Hastings Mutual Insurance Company.

*Foster, Meadows & Ballard* (by *Robert I. Schellig, Jr.),* for P. L. Kanter Agency, Inc.

Before: LEVIN, P. J., HOLBROOK and BRONSON, JJ.

BRONSON, J. This is an appeal from a motion for summary judgment granted to Hastings Mutual Insurance Company, defendant and cross-plaintiff (hereinafter "Hastings"), against the P. L. Kanter Agency, Inc., cross-defendant (hereinafter "Kanter"), for failing to cancel a fire insurance policy.

On May 11, 1964, Hastings issued a $10,000 fire insurance policy to the Dundee Investment Company through Kanter, its agent. In March, 1965, Hastings wished to have the policy canceled and prepared cancellation notices in March of that year to make cancellation effective in May, 1965, the policy's anniversary date. Since Kanter insisted upon the right to send out the cancellation notices itself, Hastings sent the notices to it for transmittal to the insured, Dundee Investment Company. Kanter tried to persuade Hastings not to cancel. On April 29, 1965, a letter was sent to Kanter stating that Hastings "would, if at all possible, like these lines placed elsewhere on the anniversary dates"—May 11.

On May 17, 1965, Kanter advised Hastings by letter that, "we are canceling this line for you and will return policies next few days". Thereafter, no reference was made in any of the "agent's accounts" delivered by Hastings to Kanter from May of 1965 to indicate that the Dundee policy was in force after May of 1965. However, in May, 1965, Kanter paid the yearly premium on the Dundee policy; this was accomplished by ledger entry. The accounts current which Kanter submitted to Hastings in June, 1965, indicated that the Dundee policy was still in force. As there were several discrepancies between the statements prepared by each party, a reconciliation was prepared by Hastings in late 1965. It indicated that the Dundee policy had been "canceled by HM" on May 11, 1965. Kanter's accounts current in June, 1966 again showed the Dundee policy. Again in 1966, the premium was paid by Kanter by ledger entry. Hastings delivered a second reconciliation to Kanter in July, 1966, again showing that the policy had been canceled. On October 26, 1966, after the fire loss, Kanter issued a credit memo to Dundee reflecting a May 11, 1966 cancellation date for the Dundee policy and that the 1966 billing had been in error.

The Dundee Company had been insured by seven other insurance carriers in addition to Hastings. Between May, 1965 and the fire loss on October 19, 1966, Dundee suffered losses which were apportioned among the seven other insurance carriers excluding Hastings.

On October 19, 1966, Dundee sustained a fire loss. On March 30, 1967, Dundee commenced a lawsuit against Hastings, the other insurers, and Kanter. On July 18, 1967, Hastings answered and cross-claimed against Kanter urging that Hastings

had ordered Kanter to cancel the policy and that since Kanter had failed to do so it should indemnify Hastings for any amount which it had to pay Dundee.

In May of 1969, Dundee moved for summary judgment against Hastings and Hastings moved for summary judgment against Kanter. After briefs and argument, Dundee's motion for summary judgment against Hastings was granted in the amount of $10,000 plus interest and costs. Hastings' motion for summary judgment against Kanter was denied without prejudice. Kanter's answer to the motion for summary judgment admitted Hastings' request to cancel the policy, and Kanter's failure to cancel the policy, but stated affirmatively in an affidavit of counsel that "by accepting premiums" Hastings ratified the unauthorized act of Kanter.

Thereafter, Hastings served upon Kanter demands for admissions of fact. After the resultant admissions came back, Hastings again moved for summary judgment against Kanter. This time Hastings' motion was granted, with the trial court's opinion stating:

"The court is going to grant the motion for summary judgment filed by Hastings Mutual Insurance Company in connection with its cross claim against P. L. Kanter and P. L. Kanter Agency, Incorporated, a Michigan corporation.

"It is undisputed that Hastings, the insurer, instructed the Kanter Company, its agent, to cancel a certain fire insurance policy prior to the date that the fire loss in question occurred.

"It is undisputed that the insurer had the legal right to give such instructions to the agent.

"It is undisputed that the agent came under a legal duty effectively to cancel the policy in question.

"There is no genuine issue of fact on the question of

whether the insurer accepted premium payment on the policy in question after the date the policy is supposed to have been cancelled. The agent would like to create an issue of fact to this effect, but it is not a genuine issue of fact on the affidavits and interrogatories.

"Upon the affidavits and interrogatories it could not be found by any reasonable trier of fact that any payment of premium money by the agent to the insurer after the date the policy was supposed to have been cancelled was referrable to the insurance policy in question.

"The agent seeks to claim that the insurer knew or should have known that the agent had not cancelled the insurance policy as directed, and that the insurer's conduct was such as to lead the agent to believe that the agent did not have to send the cancellation notice or otherwise effectively cancel the insurance contract.

"However, upon the interrogatories and affidavits there is no genuine issue of disputed fact here. There is nothing in the affidavits or interrogatories or the like upon which a reasonable trier of fact could find any conduct on the part of the insurer which would relieve the agent from the duty of effective cancellation, or which would give the agent a defense upon the insurer's cross claim.

"For these reasons the motion for summary judgment is granted." (Trial judge's opinion, April 24, 1970.)

In reviewing a motion for summary judgment, we look at the matter in the light most favorable to the opposing party. Judgment is to be rendered for the moving party if the affidavits and other evidence show there is no genuine issue of material fact. GCR 1963, 117.3.

Kanter contends that an issue of fact exists as to whether Hastings knew that the policy had not been canceled. Kanter also argues that there is some question as to the meaning of "canceled by HM" which appeared on the reconciliations sent to it by Hastings. If Hastings was aware of Kanter's failure to cancel the policy and failed to act to

protect itself, then Hastings was contributorily negligent and is not entitled to indemnification. 2 Restatement, Agency, § 415, pp 273–274. *American Insurance Co of Newark v Martinek,* 203 Mich 108 (1918).

Hastings claims that Kanter's issues are not genuine and that contributory negligence is not available as a defense to an agent who fails to carry out his principal's instructions. *American Insurance Co v Martinek, supra.*

*American Insurance Co v Martinek, supra,* is the only Michigan case which has dealt with an agent's failure to cancel a policy on the insurer's instructions to do so. In that case, the agent renewed the policy in question on April 8, 1916. On April 11, April 27, and May 9, 1916, the plaintiff wrote to defendant requesting a reduction in coverage. When no reply was received, the plaintiff, assuming the reduction had been refused, wrote the agent requesting a return of the policy. Six times between June 9 and July 28, 1916, the plaintiff requested that the policy be returned. The loss occurred on July 31, 1916. Plaintiff sued defendant to recover the amount it paid out under the policy. The trial judge found that the insurance company was contributorily negligent and the Supreme Court reversed.

In the instant case Kanter relies on the following language in the *American Insurance Co* case:

"We cannot agree with the learned trial judge that, under the circumstances of this case, the plaintiff should be held guilty of contributory negligence or that the doctrine of avoidable consequences can be made to apply. * * *

"We are of the opinion that there is nothing in the record to warrant the inference that the plaintiff knew that the policy was not canceled, but in our opinion the

conclusion is clearly warranted that they supposed that their positive instructions as to cancellation of the policy had been complied with and that the plaintiff [sic] had been refusing to return the canceled policy." 203 Mich 113.

The *American Insurance Co* case does not preclude contributory negligence or the doctrine of avoidable consequences as a defense to an agent where the principal knows or should know of the agent's failure to obey instructions. Although the authorities are split on this question, the better rule is that for which Kanter contends. The rule is best stated in the Restatement of Agency, 2d, § 415, p 273:

"The liability of the agent to the principal can be avoided, terminated, or reduced by a breach of contract by the principal, his contributory fault, or his failure to mitigate damages."

This rule is consistent with the principal's duty to minimize his damages wherever possible. This rule has been applied in other principal-agent situations. See *Cutter v Powers,* 200 Mich 375 (1918).

Hastings argues that even if the defenses of contributory negligence or avoidable consequences are available to Kanter, there is no evidence from which a jury could infer that Hastings knew or should have known that the policy was not canceled. We do not agree. This case is not like the *American Insurance Co* case in which the agent did nothing to give the insurer reason to suspect that the insurer's instructions had not been followed. While in the instant case, subsequent to Hastings' refusal to reconsider its decision to cancel the policy in question, Kanter notified Hastings that it would cancel, in June, 1965 the Dundee policy appeared on Kanter's accounts current to

Hastings and reappeared again in June, 1966. Whether Hastings was justified in relying on Kanter's promise of compliance with its instructions and whether it should have known that the policy was not canceled subsequent to receiving Kanter's June, 1965 accounts current and whether its failure to effect cancellation constituted contributory fault or a failure to mitigate damages are all questions of fact for the jury.

We acknowledge that the issue presented in this case is a close one. Because the prevailing policy of the courts is to permit cases to be decided after a trial hearing and since it appears that there are genuine issues of material fact, we reverse and remand.

Reversed and remanded for trial.

All concurred.