## 9527

WESTCHESTER FIRE INS. CO. v. BOLLIN *ET AL.*

(90 S. E. 327.)

1. JUDGMENT—ADMISSIBILITY IN EVIDENCE—JUDGMENT AGAINST INSURANCE COMPANY—LIABILITY OF AGENT.—The judgment roll in an action against an insurance company is admissible to show the amount of damage in an action by the company against its agent for failure to cancel the policy.

2. INSURANCE—LIABILITY OF AGENT—FAILURE TO CANCEL POLICY.—Where an insurance agent collected moneys for the company, it was not a condition precedent to the agent's liability for failure to cancel a policy that the premium be returned, or delivered to the agent in the absence of a showing that the agent had no funds of the plaintiff on hand.

3. INSURANCE—LIABILITY OF AGENT—FAILURE TO CANCEL POLICY—POWER OF SPECIAL AGENT.—It is no defense to an action for an insurance agent's failure to cancel a policy that the special agent who directed its cancellation had power to cancel it.

4. INSURANCE—LIABILITY OF AGENT—FAILURE TO CANCEL POLICY—CUSTOM OF OTHER AGENTS.—The conduct of other local agents when ordered to cancel policies is irrelevant in an action for an agent's failure to cancel, unless such conduct was brought to the company's knowledge.

5. INSURANCE — LIABILITY OF AGENT — ADMISSIBILITY OF EVIDENCE — INSTRUCTIONS TO AGENT.—In an action for an insurance agent's failure to cancel a policy, it was error to exclude evidence that the agent's attention was never called to the prohibited list.

6. CORPORATIONS—EXISTENCE OF CORPORATION—DENIAL—INFORMATION AND BELIEF.—A denial on information and belief of an allegation that plaintiff was a corporation engaged in insuring property, does not put in issue the company's corporate capacity.

7. INSURANCE—LIABILITY OF AGENTS—CONTRACT.—Where an insurance agent's contract required him to perform all lawful acts and business of such agency subject to the rules and regulations of the company, and such instructions as might be given from time to time by its officers or general agents, and there was evidence that the agent was directed to cancel the policy and undertook to do so, the verdict could not be directed for defendant in an action for failure to cancel the policy on the ground that plaintiff had not proved a contract requiring the agent to render that service.

8. INSURANCE—LIABILITY OF AGENTS—FAILURE TO CANCEL POLICY—DIRECTED VERDICT.—Where there was no evidence that an insurance agent knew the risk was prohibited, an action for failure to cancel the policy is based on negligence, and a verdict directed for plaintiff was improper, since negligence is a question for the jury.

Before BOWMAN, J., Columbia, October, 1915. Reversed.

Action by the Westchester Fire Insurance Company against J. H. Bollin and A. W. Bollin, doing business under the firm name of J. H. Bollin & Sons. Judgment for the plaintiff on directed verdict, and defendants appeal.

*Mr. Frank G. Tompkins,* for appellant, cites: *As to proof of corporate capacity:* 31 S. C. 309; 35 S. C. 821; 73 S. C. 503; 79 S. C. 565. *Negligence of agent an issue for the jury:* 120 N. W. 545; 22 L. R. A. (N. S.) 509; 77 Conn. 559; 62 S. W. 44; 150 Pa. 117; 24 Atl. 624; 1 Cooley Ins. Briefs 358. *Minimizing damages:* 75 S. C. 355.

*Mr. W. Anderson Clarkson,* for respondent, cites: *As to admissibility of judgment in evidence:* 76 S. C. 445; 23 Cyc. 1285. *Measure of damages:* 120 N. W. 545; 22 L. R. A. 209. *Estoppel:* 126 Iowa 274; 100 N. W. 526; 11 Pa. Sup. Ct. 432; 27 S. C. 493; 36 Minn. 409; 31 N. W. 454.

FOOTNOTE.—Liability of agent to company for failure to follow instructions, see notes in A. & E. Ann. Cas. 1915a, 860.

*Contributory negligence:* 82 S. C. 349. *Evidence of custom:* 1 N. & McC. 517. *Duty of agent:* 1 N. & McC. 517, 31 Cyc. 1451; 21 Fed. 290. *Question as to due care:* 59 S. C. 315; 91 S. C. 523; 94 S. C. 405. *Denial of corporate capacity:* 35 S. C. 372; 79 S. C. 564; 1 Thomp. Corp. 290. *Special agents:* 36 Minn. 409; 31 N. W. 454. *Inference of negligence:* 120 N. W. 545; 22 L. R. A. (N. S.) 509; 21 Fed. 290, 293; 129 Pa. St. 8; 11 Pa. Sup. Ct. 427; 35 Fed. 478; 31 N. W. 455; 142 Mass. 513. *Prohibited risks:* 22 L. R. A. (N. S.) 509; 126 Iowa 274; 100 N. W. 524; 39 Minn. & McC. 517; 31 Cyc. 1451. *Measure of damages:* 126 Iowa 274; 100 N. W. 524; 129 Pa. St. 8; 18 Atl. 491; 67 Neb. 282; 93 N. W. 226; 90 S. C. 512; 120 N. W. 545; 22 L. R. A. (N. S.) 209.

October 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff, Westchester Fire Insurance Company, was engaged in the fire insurance business in this State, and employed the defendants as their agents. The defendants issued a policy of insurance on some property of Mr. J. D. Welsh, in the city of Columbia, in this State. The property covered by the policy was in the prohibited list of the insurance company, and when its special agent inspected the property, he directed the defendants to cancel the policy. The defendants did not cancel the policy for some time after they were instructed to do so and before it was canceled the property was destroyed by fire. Mr. Welsh brought suit on the policy and recovered the full amount.

This suit is brought by the insurance company against the defendant, its agents, for issuing a prohibited risk, in violation of its instructions, and for failure to cancel the policy in violation of its instructions. The presiding Judge directed

a verdict in favor of the plaintiff, and from the judgment entered on the verdict, the defendant has appealed. There are 15 exceptions, but the appellant has combined some of them in argument, and the points of this opinion will not exceed his grouping.

1. The first question raised is the admissibility of the judgment roll in the case of *Welsh* v. *Westchester Fire Insurance Company.* The loss of the plaintiff in this action was the amount it paid in the Welsh case. Now, whether the defendants were liable for the whole or any part of that loss was another question, but the amount of plaintiff's loss, by reason of the policy issued through the defendants, was relevant and the best evidence was found in the official record. This point is overruled.

2. "This point covers the refusal of the presiding Judge to allow the witness, Booker, who was special agent of the plaintiff, to answer the question as to whether he had offered to Bollin the paid premium, which the company received for the policy when he found out it had been written in violation of instructions." The question was not relevant, because, in the course of business between the plaintiff and the defendants, the defendants were to collect moneys for the plaintiff, and until it appeared that the defendant had no funds of the plaintiff on hand, it was not necessary for the plaintiff to pay or tender the return premium.

3. The appellant asked Booker, the special agent, if he did not have the power to cancel the policy. The presiding Judge ruled out the answer. This ruling is the basis of the fourth exception. This exception cannot be sustained. A man had the right to transact his own business. He has the right to employ as many agents and give them as much power as he pleases. When one agent undertakes to do a certain piece of work, he cannot relieve himself of responsibility by showing that there were other agents who had the same power.

4. The appellant undertook to show by a witness what other local agents did when ordered to cancel policies. This evidence was rejected, and the rejection is made the basis of four exceptions. The question is not what other agents did, but what the defendants should have done. The conduct of other agents was irrelevant, unless it was brought to the knowledge of the principal. There was no attempt to show such knowledge here.

5. The next question is as to the exclusion of the question: "Was the attention of your company ever called to the fact that this prohibited list was on the back, by the Westchester Company or their agents or anybody else?" This question was relevant, and should have been answered. This was not the fault of the presiding Judge, as the record shows great confusion at the time.

6. The next point contains two questions:

(a) The complaint, in paragraph 1, alleges that the plaintiff was a corporation and engaged in insuring property of all kinds against loss or damage by fire. The answer "denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1, and for that reason specifically denies the same and requires strict proof thereof." The case of *Land Mortgage Co.* v. *Williams,* 35 S. C. 367, 14 S. E. 821, shows that this answer did not put in issue the corporate capacity of the plaintiff.

(b) "The second ground asked for a direction of a verdict (by defendant) by reason of the fact that the plaintiff had not proved any contract which required the defendants to render the service which it was claimed they failed to render." Under the contract the defendants were "to perform all lawful acts and business of such agency subject to the rules and regulations of the company and such instructions as may be given them from time to time by its officers or general agents." There was evidence that the defendants were directed to cancel the policy, and

they undertook to do so. No verdict could have been directed on either ground.

7. The appellant next complains of the direction of a verdict. This exception is sustained. The plaintiff did not prove that the defendants knew of the prohibited list at the time the policy was issued. There was evidence that they did not. The plaintiff must therefore rely upon negligence in not knowing, as they had the information in their possession. Negligence is a question for the jury. Having held that it was error to direct any verdict, the last two questions do not arise.

The judgment is reversed, and a new trial ordered.