No. 22,279.

THE ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Appellant*, v. THOMAS A. BIGGER, *Appellee.*

SYLLABUS BY THE COURT.

1. INSURANCE AGENT—*Failure to Cancel Policy as Instructed—Agent's Liability for Loss.* The rule announced in *Insurance Co. v. Bigger,* 102 Kan. 53, 169 Pac. 213, is followed, that—

"When instructed to do so, it is the duty of an insurance agent to cancel a policy of insurance issued by him; and if he fails to cancel the policy he is liable to his principal for the damage sustained by the principal unless the agent can show some valid reason for his failure to follow the instructions given him." (Syl.)

2. SAME—*Contributory Negligence—Assumption of Risk.* The doctrine of contributory negligence, assumption of risk and avoidable consequences, held not to apply.

3. SAME—*Trial—No Material Error.* No material error appears to have resulted from failure to set out or read to the jury the policy of insurance involved herein.

Appeal from Wyandotte district court, division No. 1; ED-
WARD L. FISCHER, judge. Opinion filed July 5, 1919. Re-
versed.

*J. E. McFadden, O. Q. Claflin, jr.,* both of Kansas City, *M. A.
Fyke,* and *E. L. Snider,* both of Kansas City, Mo., for the ap-
pellant.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for
the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover damages for the
failure of its agent to cancel an insurance policy as directed.
The facts are stated in *Insurance Co. v. Bigger,* 102 Kan. 53,
169 Pac. 213.

After the former decision the answer was amended, setting
up contributory negligence and assumption of risk. The plain-
tiff requested an instruction directing a verdict in its favor,
which was refused, and the jury were charged that if they
found from the evidence that the defendant did not exercise
reasonable care and diligence to cancel the policy after the
plaintiff had notified him to do so, that constituted negligence
which would entitle the plaintiff to a verdict for the loss, if
any, suffered by it as a direct and natural result of such policy
remaining uncanceled:

"Unless you further find from a preponderance of the evidence that the
plaintiff by its officers or agents was guilty of negligence in failing to
exercise reasonable care and diligence to cancel or procure the cancella-
tion of said policy after they knew, or should have known, by the exercise
of reasonable care and diligence, that the defendant had failed to cancel
said policy, and that such negligence directly contributed in causing said
policy to remain uncanceled, and in causing the plaintiff to suffer the loss
complained of in its petition, in which event you will find for the de-
fendant."

The defendant prevailed, and the plaintiff appeals.

The petition declares on the failure to cancel as directed,
without any allegation of negligence whatever. In the former
presentation an attempt was made to introduce the element of
waiver, on the theory that if the plaintiff failed to take the
proper steps to have the policy canceled, but elected to allow
it to continue in force, and failed to exercise its right to cancel,

it could not recover, and the court so instructed; but it was said in the opinion that there was no evidence on which such an instruction could be properly submitted.

"The plaintiff's direction to the defendant to cancel the policy was positive and unambiguous. It was the defendant's duty to obey his instructions." (p. 55.)

The doctrine of contributory negligence in the amended answer was sought to be interposed by alleging that, after the notification to the defendant to cancel, the plaintiff knew for more than six weeks, or should have known, that the policy had not been canceled,

"And during the whole period of such time the plaintiff itself, either directly through its chief officers or managers, or through some of its agents other than the defendant, could have, by the exercise of reasonable care, canceled such policy before the time of the alleged fire; yet the plaintiff negligently failed so to do, and such negligence on the part of the plaintiff caused and directly contributed to the plaintiff's alleged injury and damage."

Contributory negligence on the part of the plaintiff necessarily involves negligence of the defendant. In this case no negligence is charged against the defendant, and the claim of contributory negligence on the part of the plaintiff is somewhat anomalous.

The law was declared in the former opinion, to the effect that it was the duty of the defendant agent to obey the instructions of his principal and cancel the policy, and that his failure so to do rendered him liable, which is sustained by numerous authorities, and is still regarded by us as sound in principle. In addition to the authorities cited in the former opinion, the following may be noted:

"So if the agent is directed by the company to cancel a policy and neglects to do so, and there has been a loss, he is liable to the company for the amount which the company has had to pay on such loss, notwithstanding contributory negligence of the company in failing to cancel the policy itself." (22 Cyc. 1438.)

In support of the last clause quoted, the text cites *London Assurance Co. v. Russell*, 1 Pa. Supr. Ct. 320. One paragraph of the syllabus of that opinion is as follows:

"An agent is bound to obey the imperative order of his principal, and in order to make it the duty of a factor to so obey the order it is not necessary that it be couched in the form of a command. One who receives orders to cancel an insurance policy delays their execution at his peril."

Another paragraph is as follows:

"Where an insurance company has directed its agent to cancel a policy it is not guilty of contributory negligence if it fails to act outside of said agent and cancel said policy itself. The company had a right to rely on its agent's obedience to positive directions to cancel, and presume that they would be obeyed, the disobedience of the agent being at his peril."

In *Kraber v. Insurance Co.*, 129 Pa. St. 8, the law was thus declared:

"An agent has no legal right to sit in judgment upon the wisdom or expediency of the instructions of his principal, and his failure to execute them with reasonable promptness and fidelity will render him liable to his principal in damages." (Syl.)

At the close of the opinion the court said:

"The fact that the company received the premium from its agent, after the fire, and after the fact of his failure to cancel the policy came to its knowledge, does not relieve him. His receipt of the premium was the receipt of the company. When he was directed to return the money and cancel the policy, he did not do it. His failure to do as he was directed, is the ground of his liability, and the loss suffered by his principal furnishes the proper measure of damages." (p. 14.)

The authorities chiefly relied upon by the defendant are: *Sioux City, etc., R. Co. v. Walker*, 49 Iowa, 273; *Moore v. Coler*, 99 N. Y. Supp. 846; *Bryant v. Gallup et al.*, 111 Ill. 487; *Read v. Patterson*, 11 Lea. 430; *American Central Ins. Co. v. Hagerty*, 92 Hun, 26.

In the first case, the defendant, Walker, was charged with having negligently paid twice for certain land out of his principal's money. Contributory negligence on the part of the principal was alleged. This does not appear to have been a case involving solely the question of obedience to instructions, but one in which negligence and contributory negligence were properly involved.

*Moore v. Coler* was an action based on the alleged negligence of the defendants in refusing to forward certain bonds as directed by their principal, so that they could be included in a certain judgment. It was held that the defendants were not shown to have been negligent, and that it also appeared affirmatively that the plaintiff was guilty of such contributory negligence as would stand in the way of a recovery.

*Bryant v. Gallup* was an action for damages for failure to keep insured a certain building which was burned. The action was not one of a principal against an agent, but was an action

of a mortgagee against certain loan agents for failure to keep the property properly insured in accordance with a contract made with them and a certain commission paid. It was alleged that they failed to keep the property insured as they had contracted to do, and, the building having burned, the plaintiff recovered. An instruction was given to the effect that if the plaintiff had been informed a sufficient time before the fire that the property was not insured, it was then his duty to have additional insurance and, after failing to do so, he could not recover. The court said:

"This involves the question whether, in case of a breach of a contract for indemnity, the person indemnified, knowing of the breach of the agreement, may lie by and permit the loss to occur without a demand of performance of the agreement, or to take other steps to secure himself from the loss, by performing the acts undertaken to be performed by the other party, or to procure other indemnity. The substance of this instruction is, that the party indemnified shall take such steps. It has been repeatedly held that a party being damaged cannot stand by and suffer the injury to continue and increase, without reasonable effort to prevent further loss. . . . This principle applies to a breach of contract, and a party is not entitled to compensation for injurious consequences from such breach, so far as he had the information, time and opportunity necessary to prevent them." (pp. 496, 497.)

It will be seen, therefore, that this was an ordinary action for breach of contract, and not an action against an agent for failure to obey instructions.

*Read v. Patterson* was an action against an attorney for negligently failing to obey express instructions of his client to issue execution upon a judgment. It was held that under such circumstances the attorney would be liable for the full amount of the judgment:

"But if the client discharges the negligent attorney, and the judgment could then have been collected by execution, which the client negligently fails to have issued, and the debtors afterward become insolvent, the attorney is liable only for nominal damages, the negligence of the client being the proximate cause of the loss." (Syl. ¶ 6.)

The Hagerty case was an action for damages for failure to cancel a policy, and it was held that under the facts presented by the evidence it was proper to submit to the jury the question whether the plaintiff had not waived the demand for cancellation. This case is cited in support of the theory that assumption of risk applies, but we do not regard that defense as

applicable to this kind of a case. (*Railway Co. v. Bancord,* 66 Kan. 81, 71 Pac. 253; *Railway Co. v. Loosley,* 76 Kan. 103, 90 Pac. 990; *Manufacturing Co. v. Bloom,* 76 Kan. 127, 90 Pac. 821.)

We do not find in the authorities relied on by the defendant, or in his quotations from text-writers, sufficient ground for applying to this case the doctrine of contributory negligence.

The defendant's position seems to be that for a number of weeks the company knew that the policy had not been canceled, and that, while it had agents and officers who could have caused its cancellation, it suffered matters to run along in this condition until the fire occurred, and then sought to saddle on him a loss which, by the merest act of authority on its own part, could have been avoided. But when the property was burned there was nothing which the company could then have done to minimize or avert the loss, and the rule requiring a plaintiff to use reasonable efforts to keep the damage from a wrong already done from unduly increasing could not come into operation. The doctrine of the duty to minimize damages, while often quite broadly stated, usually applies after the wrong has been committed. (8 R. C. L. 442, § 14; 450, § 20; *Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579; *Murrell v. Crawford,* 102 Kan. 118, 169 Pac. 561.)

Sedgwick, in discussing this doctrine, which he calls "avoidable consequences," says:

"The application of the doctrine of contributory negligence and of that of avoidable consequences often produce results that closely resemble each other; but there is a distinction between the two. Contributory negligence defeats the action itself. The rule of avoidable consequences can never produce this result, as it cannot be applied until a cause of action, which in any event will entitle the party injured to nominal damages, has arisen." (1 Sedgwick on Damages, 9th ed., § 203.)

In section 224 the author says:

"The duty to prevent damages, or to lessen the loss which will ultimately fall on plaintiff, cannot possibly arise until a wrong or breach of contract has actually been committed."

Being an agent of the company, and, hence, in a fiduciary relation, the defendant cannot insist that his principal be held liable for depending on him to follow his instructions. There was no refusal on his part, and nothing but mere neglect or delay to cause the company any suspicion that he did not intend

to act as directed. Presumably, he was a profitable agent, with whom it was not desired to sever relations, and over whose head it was not desirable to go in a matter in which he himself had been called on to act.

It is urged that the petition did not state a cause of action, because no copy of the policy was attached, and because there was no averment of right to cancel before the end of the year for which it was to run. It was also claimed that no sufficient proof on this point was introduced. The policy covered a period from August 24, 1913, to August 24, 1914. The correspondence relied upon by both parties touching the alleged duty to cancel continued only until the fall of 1913, and in view of all the evidence there appears to be no doubt that the power to cancel before the expiration of the year in fact existed, and both parties have acted on that assumption. The point is regarded as one without substantial merit.

The judgment is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiff for the amount sued for.

JOHNSTON, C. J., and WEST, J., concur in the reversal, but dissent from the order directing judgment in favor of the plaintiff.