**TRINITY UNIVERSAL INSURANCE CO. et al., Appellants,**

v.

**J. T. BURNETTE et ux., Appellees.**

**No. 8043.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 10, 1977.

Rehearing Denied Dec. 1, 1977.

James J. Zeleskey, Lufkin, Robert L. Fairchild, Center, for appellants.

John Cely, Lufkin, for appellees.

KEITH, Justice.

Defendants below appeal from an adverse judgment entered after a trial to a jury. Plaintiffs' home was destroyed by fire at a time when plaintiffs believed that it was insured by a Trinity policy issued by the local agent, Davis Insurance Agency, Inc. When plaintiffs' demands for payment were denied, plaintiffs sued alleging both defendants were negligent. The jury agreed with plaintiffs, finding both defendants guilty of negligence proximately causing the loss sustained by the plaintiffs. Each defendant sought indemnity against the other but full indemnity was denied and Trinity was awarded indemnity against Davis only for all it was required to pay in excess of 49% of the total judgment, with Davis being awarded indemnity against Trinity for all in excess of 51% of the total judgment it was required to pay.

Plaintiffs' dwelling was insured against fire loss by a Trinity policy issued by Davis, and the policy contained an automatic renewal clause which is quoted in the margin.[1] Plaintiffs also relied upon a rule or regulation promulgated by the State Board of Insurance which is also quoted in the margin.[2]

There is no dispute between the parties as to one fact: Neither Trinity nor Davis

---

1. "At the option of the insured, this policy *must be renewed* at expiration unless this *company* has mailed written notice to the insured of its intention to decline renewal at least thirty days in advance of the expiration date of this policy." (emphasis added)

2. "A policy must be renewed at expiration, at the option of the policyholder, unless the company has mailed written notice to the policyholder of its intention to decline renewal at least thirty (30) days in advance of the policy expiration date. The company may comply with this provision by requiring or permitting its agent to notify the policyholder. However, the responsibility of giving notice the insured remains with the company if the agent fails to carry out its instructions to notify the insured."

had any intention of not renewing plaintiffs' policy at its expiration date. The record is clear that Trinity thought that the policy had been renewed by Davis' placing it in another of the companies it represented; and, as a matter of fact, Davis' records incorrectly revealed that the policy had been renewed.

### Liability of Trinity

■ We sustain Trinity's no evidence point complaining of the submission of Trinity's negligence to the jury. The plaintiffs have contended throughout the litigation that the policy provision and the regulation (fns. 1 and 2, supra) created a duty on the part of Trinity to give them the thirty days' notice that the policy was not going to be renewed and that the failure to so give the notice was negligence. We disagree. Notice under either the policy provision or the regulation was required only if the insurer had an intention to decline renewal.

The evidence is uncontroverted that Trinity had *no* intention to decline renewal of plaintiffs' policy. John Carroll, a Trinity representative, testified that there was nothing in Trinity's file to indicate that the policy should not be renewed. Trinity assumed that Davis was renewing the policy through one of the other insurance companies with whom it did business.

Because notice was required only if Trinity intended to decline renewal, and Trinity had no such intention, we hold as a matter of law that Trinity had no duty under a negligence theory to give notice.

■ It is well settled law that the right to recover for injuries from negligence is founded upon the violation of a duty—when no duty exists, there can be no violation or negligence. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); *McCall v. Marshall*, 398 S.W.2d 106, 108 (Tex.1965); *Denison Light & Power Co. v. Patton*, 105 Tex. 621, 154 S.W. 540, 541 (1913). Therefore, the trial court erred in submitting a special issue on negligence.

■ Under the regulation and plaintiffs' policy, there were only two ways that the policy could not be renewed—at plaintiff's option or upon at least thirty days' advance notice by Trinity. Since neither of these alternatives became operative, Trinity renewed the policy as a matter of law.[3]

We affirm plaintiffs' judgment against Trinity.

### Liability of Davis

Davis attacks the judgment with more than twenty points complaining of the sufficiency of the evidence (both factually and legally) to support the submission of the jury issues on Davis' failure to give the notice, negligence, and proximate cause. Having reviewed the record under the appropriate standards, e. g., *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965), each point is overruled.

■ The duties of a local recording agent have been succinctly stated in *Cateora v. British Atlantic Assurance, Ltd.*, 282 F.Supp. 167, 174 (S.D.Tex.1968):

"A local agent . . . owes his clients the greatest possible duty. He is the one the insured looks to and relies upon. Most people do not know what company they are insured with. The insured looks to the agent he deals with to get the coverage he seeks, with a sound company who can and will properly and promptly pay claims when they are due. It is his duty to keep his clients fully informed so that they can remain safely insured at all times."

■ The evidence is uncontroverted that Davis handled a number of insurance policies for plaintiffs—automobile insurance, boat insurance, and fire insurance on several dwellings. Don [Larry] Davis, the president of Davis Insurance Agency, Inc., testified that his agency had *always* renewed policies for plaintiffs or notified them when policies were nonrenewed.

**3.** None of the parties have made mention of the failure of plaintiffs to pay or to tender the premiums due on the policy, and we do not reach the question sua sponte.

Although there was no statutory or contractual duty impressed upon Davis to notify its policyholders of nonrenewal, we hold that Davis was under a duty, as plaintiffs' insurance agent, to either renew their policy with Trinity, replace the policy with another company, or notify them of its nonrenewal so that they could obtain insurance elsewhere. See *Jack Criswell Lincoln Mercury, Inc. v. Tsichlis*, 549 S.W.2d 255, 258–259 (Tex.Civ.App.—Beaumont 1977, no writ), and cases therein cited.

Davis' points complaining of the negligence findings are all overruled.

■ Next, Davis complains of the submission of the issue on proximate cause. We note in passing a series of Supreme Court decisions holding that the doctrine has two distinct concepts, both of which must be present: "(1) there must be cause in fact,—a cause which produces an event and without which the events would not have occurred; *and* (2) foreseeability." *Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560, 564 (1961). See also *Kaufman v. Miller*, 414 S.W.2d 164, 167 (Tex.1967); *Texas & Pacific Railway Co. v. McCleery*, 418 S.W.2d 494, 496 (Tex.1967); *Enloe v. Barfield*, 422 S.W.2d 905, 908 (Tex.1967); *Clark v. Waggoner*, 452 S.W.2d 437, 439 (Tex.1970).

Larry Davis admitted that plaintiffs were a reasonable risk and that the underwriting requirements of writing the type of insurance coverage necessary to cover the dwelling in question could easily have been satisfied. The evidence is uncontroverted that plaintiffs would have obtained insurance elsewhere if they had known of their policy's nonrenewal. It was foreseeable that they would not obtain insurance elsewhere if they were never notified that they no longer had coverage. All of Davis' points complaining of the proximate cause findings are overruled and plaintiffs' judgment against Davis is affirmed.

### Indemnification

■ Both Trinity and Davis have points of error complaining that each is entitled to a judgment for full indemnity against the other.

Davis claims it is entitled to full indemnity because Insurance Regulation 8(A) (fn. 2, supra) provides that even though the agent is required to notify a policyholder, "the responsibility of giving notice to the insured remains with the company if the agent fails to carry out its instructions to notify the insured."

Trinity claims it is entitled to full indemnity because Davis breached its contractual duty to either renew plaintiffs' policy with Trinity or another company or to give them thirty days' notice of their policy's nonrenewal. This failure, complains Trinity, was the result of Davis' own negligence in erroneously noting on its records that the policy had been renewed. We overrule Davis' points of error and sustain Trinity's points of error.

Insurance Regulation 8(A), supra, was enacted for the protection of policyholders, not to protect negligent insurance agents. Trinity has a primary responsibility only as to the plaintiffs. However, Trinity does have the right to recover against Davis, the negligent party who in fact caused the nonrenewal of the policy in question.

In the limited agency-company agreement signed on March 27, 1974, the first paragraph provides:

"A. AUTHORITY OF AGENT

The Agent is an independent contractor, not an employee of the Company and, subject to requirements imposed by law, the terms of this Agreement, and the underwriting rules and regulations of the Company, is authorized to:

a. *Represent the Company for the sole purpose of servicing contracts . . .* placed by the Agent with the Company *which are in force on,* or renewed at the Company's election after, *March 27, 1974 . . . .*" (emphasis added)

On March 27, 1974, Davis also entered a contract, entitled Amendment of Termination Form No. 393, which provides:

"[I]n the event I am *unable to renew* at expiration with one of my other companies any policy currently in force in the

Trinity Universal or Security National Insurance Companies, [I agree] that I will give written notice to the named insured of nonrenewal at least thirty (30) days prior to expiration." (emphasis added)

Davis was under a contractual duty to service Trinity's policies—to renew them, to *replace them with another company, or to* notify policyholders if policies were not being renewed. Although it was physically impossible to give plaintiffs thirty days' notice of nonrenewal, it was not impossible to renew plaintiffs' policy or to replace it before its expiration. The error of marking off plaintiffs' policy as if it were renewed caused the nonrenewal to occur. Therefore, Davis' failure to properly service plaintiffs' policy was a breach of its contractual obligation to Trinity as a matter of law, and Trinity is entitled to full indemnity. See *Trinity Universal Insurance Co. v. Fuller*, 524 S.W.2d 335, 337 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.); *National Automobile & Casualty Insurance Co. v. Allco Insurance Agency*, 403 S.W.2d 174, 177 (Tex. Civ.App.—Austin 1966, no writ).

We reverse the trial court's judgment and render judgment for Trinity and against Davis for full indemnification.

AFFIRMED in part and REVERSED and RENDERED in part.