**HARTFORD CASUALTY INSURANCE COMPANY, Appellant,**

v.

**WALKER COUNTY AGENCY, INC., Appellee.**

**No. 13–90–123–CV.**

Court of Appeals of Texas, Corpus Christi.

April 25, 1991.

Rehearing Overruled May 23, 1991.

Robert D. Green, Law Office of Robert D. Green, Houston, for appellant.

Jack W. Tucker, Jr., Carla Bennett, Tucker, Hendryx & Gascoyne, Houston, for appellee.

Before BENAVIDES, KENNEDY and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Hartford Casualty Insurance Company appeals a summary judgment granted in favor of Walker County Agency, Inc., in Hartford's cross-action. By one point of error, Hartford contends that Walker County was not entitled to summary judgment as a matter of law. We affirm the

trial court's judgment in part and reverse it in part.

Hartford and Walker County were both defendants in several personal injury and workers' compensation law suits brought by Roy Dean Jackson, an employee of L.B. and Alex Joseph (hereinafter "Josephs"). Hartford was the workers' compensation insurance carrier for Eleven Oaks, for whom the Josephs were a subcontractor, and Walker County was Hartford's agent for the purposes of issuing the workers' compensation insurance. Jackson was injured while he was working for the Josephs while they were subcontracted to Eleven Oaks. Jackson initially filed suit in Walker County against the Josephs, Walker County Agency, and Eleven Oaks; Hartford was not a party to this action. This suit settled with all causes of action being dismissed as to all defendants, with the exception of the Josephs. The Josephs defaulted and, in exchange for Jackson not executing the judgment, the Josephs assigned their causes of action against the other defendants to Jackson so that he could file suit against Hartford, Walker County and Eleven Oaks for any claims which the Josephs may have had against them.

Jackson filed a workers' compensation claim in Harris County; Hartford initially denied the claim. After the Industrial Accident Board found in favor of Jackson, Hartford appealed to the district court. At this time, Jackson also raised claims of breach of good faith and fair dealing and violations of the Deceptive Trade Practices Act.[1] The workers' compensation claim was severed from the other causes of action. Walker County was not a party to this litigation. The workers' compensation claim was called to trial but all the causes of action were settled before a verdict was reached. Since the settlement involved a workers' compensation claim, the Harris County trial court specifically awarded a portion of the overall settlement as an award for the workers' compensation claim. The remainder of the settlement was for the breach of good faith and fair dealing claim.

Before the Harris County case settled, Jackson and the Josephs filed suit against Hartford and Walker County in Nueces County, pursuant to the rights assigned to Jackson from the Walker County lawsuit. The settlement in Harris County acknowledged the Nueces County suit because it specified that Hartford would continue in its action against Walker County.

Hartford filed a cross-action for contribution, indemnity, fraud and breach of fiduciary duty against Walker County in the Nueces County suit. Hartford's causes of action for fraud and breach of fiduciary duty were based on Walker County's act of providing a Hartford workers' compensation insurance binder in a manner prohibited by Hartford's agency agreement with Walker County. Hartford sought contribution for its settlement of the bad faith claim and sought indemnification of its settlement of both the bad faith and workers' compensation claims.

Walker County answered with a general denial. After Hartford and Jackson settled in Harris County, Walker County amended its answer, asserting in addition to its general denial, that the agreed settlement and judgment in the Harris County case did not provide a basis for Hartford's contribution claims and that Hartford was precluded from pursuing such an action.

Walker County then filed a motion for summary judgment. It challenged Hartford's causes of action for contribution, indemnity, fraud and breach of fiduciary duty, attacking the damage element of each cause of action. Walker County contended that because Hartford had settled and because they, Walker County and Hartford, were joint tortfeasors, Hartford was not eligible for contribution and indemnity. In support of its motion it cited *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19 (Tex.1987).

Hartford then responded to Walker County's motion for summary judgment, asserting that its causes of action against Walker County resulted from the contractual workers' compensation claim and es-

---

**1.** Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1987).

sentially constituted an insurance company suing its agent for direct damage arising from the agent's violation of agency guidelines. Hartford contended that because part of its settlement was paid pursuant to a contractual and statutory cause of action, *Beech* did not apply and it was not barred from asserting a claim against Walker County. Hartford also contended that since Jackson's breach of good faith and fair dealing claim was based, in part, on the DTPA, it was entitled to statutory indemnity under § 17.555 of that statute.

Walker County amended its answer to Hartford's cross-action, adding its contention that because Hartford executed the release with Jackson and the Josephs in which Jackson and the Josephs agreed to abandon any claims against Hartford, that Texas case law prevented Hartford from pursuing its action for contribution against Walker County. Again, it cited *Beech*. It implied that it, Walker County, was a joint tortfeasor of Hartford for all of Hartford's causes of actions. Walker County also asserted that Hartford could not bring an action for statutory indemnity under § 17.555 the DTPA because it did not qualify as a consumer under that act.

Hartford amended its cross-action, alleging in addition to its causes of action for contribution, breach of fiduciary duty, breach of contract, and statutory indemnity pursuant to the DTPA, causes of action for negligence and misrepresentations. Hartford specifically alleged that, for the purposes of contribution, it and Walker County were joint tortfeasors. Hartford specified the acts which it alleged constituted a breach of fiduciary duty, a breach of contract, negligence and misrepresentations.

Walker County did not file an amended answer to Hartford's third amended cross-action. Instead, Walker County filed a supplemental motion for summary judgment. In this supplemental motion, it attacked Hartford's characterization of its cause of action as being contractual and asserted that, in any event, such a cause of action should have been brought as a separate action. As before, Walker County challenged Hartford's ability to assert its causes of action for indemnity and contribution. Walker County further challenged Hartford's ability to bring the causes of action for breach of contract and breach of fiduciary duty because they were essentially an attempt to collect indemnity and contribution. It also contended that Hartford's allegations of fraud and breach of fiduciary duty were unsupported and insupportable by facts in evidence and ultimately immaterial to Walker County's right to have the cross-action dismissed. Summarily, Walker County's argument was that the agreed judgment incorporating a workers' compensation settlement provided no basis for subsequent claims of contribution or indemnity.

Hartford filed a supplemental response, responding to Walker County's supplemental motion. Hartford reiterated that for the purposes of its breach of contract, breach of fiduciary duty, negligence, and misrepresentations claims, it is not a joint tortfeasor of Walker County; Jackson suit's against Hartford was statutory and contractual in nature and Hartford was seeking statutory indemnity and actual damages. Further, Hartford reasserted that its cross-action was for breach of contract and breach of fiduciary duty. Hartford countered Walker County's claim that these assertions were vague and unsubstantiated by attaching copies of three depositions and an affidavit; Hartford contended that this evidence raised a fact issue on the questions of breach of fiduciary duty and breach of contract. Hartford also attached a copy of the agency agreement between it and Walker County. Subsequently, Hartford filed a fourth amended cross-action which was the same as the third with the addition of a plea for attorney's fees.

At the hearing on the motion for summary judgment, Hartford asserted that its breach of contract, breach of fiduciary duty, misrepresentations and negligence causes of action arose from its contractual relationship with Walker County and Walker County wrongly obligating Hartford to provide workers' compensation insurance. Hartford repeatedly asserted that its damages under these causes of action arose not

as a result of the settlement of the bad faith claim, but as a result of its statutory and contractual obligation to pay workers' compensation. Despite Hartford's arguments, the trial court granted Walker County's motion for summary judgment.

By its only point of error, Hartford contends that the trial court erred in granting the summary judgment. Hartford presents each of its arguments in this point of error as sub-points. Summary judgments are reviewed in accordance with the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant's summary judgment proof must establish as a matter of law that there is no genuine issue of material fact regarding one or more of the essential elements of each of the plaintiff's causes of action. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

On appeal, Walker County contends that it established, as a matter of law, that Hartford suffered no legal damage and therefore cannot recover on its causes of action based upon breach of contract, breach of fiduciary duty, negligence, and misrepresentations. Walker County contends that it presented summary judgment evidence that Hartford *voluntarily* settled with Jackson, thus incurring no legal damages pursuant to *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex.1987). In *Beech*, the Texas Supreme Court held that a tortfeasor who voluntarily settles a plaintiff's entire cause of action is precluded from pursuing contribution or indemnity from a co-tortfeasor who did not participate in the settlement. *Beech*, 739 S.W.2d at

21–22. Walker County argues that since there was only one settlement in Jackson's Harris County case, all of Hartford's claims are claims derivative to contribution rights and that when Hartford voluntarily chose to settle with Jackson, it extinguished any right to contribution and to any claim derivative to such rights and therefore has no damages.

We disagree with Walker County's position with regard to the characterization that it and Hartford are joint tortfeasors for the purposes of the entire cross-action. In addition to the settlement of the claim for breach of good faith and fair dealing, Hartford voluntarily settled a statutory and contractual obligation to provide workers' compensation insurance pursuant to a contract for workers' compensation insurance with Eleven Oaks, to which it was obligated by Walker County. Although there is only one settlement document recording the settlement with Jackson, the settlement agreement specified the exact amount of the settlement which was for the worker's compensation claim. Most of Hartford's causes of action result from Walker County's binding Hartford to the workers' compensation contract, obligating Hartford to pay workers' compensation to Jackson. Hartford owed Jackson the contractual and statutory duties to provide workers' compensation insurance and the common law duty to process Jackson's claim in good faith and with fair dealing. These duties are imposed on the carrier but not upon the agent whose alleged false or fraudulent acts have bound the carrier to the duties imposed by law. The damages for the violation of the specific duties are recoverable because of the duties imposed on a carrier with regard to an injured workman or the insured. Walker County, on the other hand, was not bound by law to these same duties with regard to Jackson. Hence, for the purposes of the cross-action based on the workers' compensation settlement, Hartford and Walker County are not co-tortfeasors, the settlement agreement does not provide a defense for Walker County, *Beech* does not apply, and Walker

County has not negated the damage element of Hartford's causes of action.

We, therefore, review each of Hartford's causes of action which are based on its principal/agent relationship with Walker County to determine whether Walker County successfully negated an element other than damages of each of these causes of action such that Walker County was entitled to summary judgment. By sub-point of error 2(a), Hartford contends that Walker County failed to negate its breach of contract action as a matter of law.

 The allegedly breached contract between Walker County and Hartford is included in Hartford's summary judgment proof and is designated as an agency agreement. An agent is one who is authorized by another to transact business or manage some affair for him. *Augusta Dev. Co. v. Fish Oil Well Servicing Co.*, 761 S.W.2d 538, 543 (Tex.App.—Corpus Christi 1988, no writ); *Jorgensen v. Stuart Place Water Supply Corp.*, 676 S.W.2d 191, 194 (Tex.App.—Corpus Christi 1984, no writ). The authority is presumed to be co-extensive with the business entrusted to his care and includes such contracts and acts as are incident to the management of the particular business with which he is entrusted. *Augusta*, 761 S.W.2d at 543–44.

 Generally, an agent will not be personally liable on a contract made for his principal if the agent is acting within the scope of his authority. *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521, 523 (Tex.App.—Corpus Christi 1982, no writ); *Wright Waterproofing Co. v. Applied Polymers*, 602 S.W.2d 67, 69 (Tex.App.—Dallas 1980), writ ref'd, 608 S.W.2d 164 (Tex.1980). An insurer is bound by the acts of its agent in issuing a binder containing misrepresentations and is liable for actual damages if the agent's acts were done within the scope of its authority. *Lane v. Security Title & Trust Co.*, 382 S.W.2d 326, 331 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.). When an agent exceeds his

authority under the agency agreement, however, he becomes personally liable. *See Schwarz v. Straus–Frank Co.*, 382 S.W.2d 176, 178 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.).

 In its motion for summary judgment, Walker County first alleges that Hartford suffered no legal damages, as discussed above, and then states, "If HARTFORD believes it has sustained a loss as a result of a breach of its agency contract, the proper remedy would be to seek relief from WALKER COUNTY in an independent cause of action." Walker County provided no evidence that negated Hartford's breach of contract cause of action. In its brief, Walker County does not argue this position or provide any legal or factual support for this contention. Additionally, Walker County does not point out which evidence negates the elements of Hartford's causes of action nor can we find any.[2] Hartford is not precluded from bringing this cause of action with his other claims and Walker County did not establish that it was entitled to a summary judgment against Hartford's breach of contract claim. We sustain Hartford's sub-point of error 2(a).

 By sub-point of error 2(b), Hartford contends that Walker County failed to negate Hartford's breach of fiduciary duty cause of action. Again, Hartford argues that Walker County failed to bring summary judgment evidence negating a principal/agency relationship, that a fiduciary duty was owed to Hartford or that Walker County breached any duty owed. Inherent in any agency relationship is the fiduciary duty owed by the agent to his principal. *Field Measurement Serv., Inc. v. Ives*, 609 S.W.2d 615, 619 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.); *see also Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763, 769 (1958); *Douglas v. Aztec Petroleum Corp.*, 695 S.W.2d 312, 318 (Tex.App.—Tyler 1985, no writ). Liability exists when the agent

---

**2.** Walker County seems to find some importance in the fact that the agency contract contains a clause whereby Hartford will indemnify Walker County but does not contain a clause

that Walker County will indemnify Hartford. We do not see the relevance of this argument to Hartford's cause of action for breach of contract.

breaches the fiduciary duty it owes the insurer under the agency contract, the agent owes his principal loyalty and good faith, integrity of the strictest kind, fair, honest dealing, and the duty not to conceal matters which might influence his actions to his principal's prejudice. *Douglas,* 695 S.W.2d at 318. Punitive damages are recoverable for the breach of fiduciary duty existing in an agency relationship. *Douglas,* 695 S.W.2d at 319.

In its motion for summary judgment, Walker County attempts to place the burden of proof of the principal/agency relationship on Hartford. In its motion and on appeal, Walker County again argues that it negated the damage element of Hartford's cause of action, thereby entitling it to summary judgment. As discussed above, Walker County did not negate the damage element. No element of Hartford's breach of fiduciary duty claim has been negated. We sustain Hartford's sub-point 2(b).

■■■■ By sub-point 2(c), Hartford also contends that Walker County failed to sustain its burden of proof on the negligence and misrepresentation causes of action. An agent's liability can be founded in misrepresentations made to the insurer. When an agent makes false representations to an insurer regarding the status of a policy and the insurer relies upon that representation to its injury, the agent is estopped from denying its liability to the insurer for the loss sustained by the insurer under the policy when the insurer has paid money in satisfaction of a claim under the policy. *National Auto. & Casualty Ins. Co. v. Allco Ins. Agency,* 403 S.W.2d 174, 179 (Tex.Civ.App.—Austin 1966, no writ). Additionally, an agent can be liable for actual and exemplary damages as a result of binding its principal, an insurer, to a policy with misrepresentations. *See Lane,* 382 S.W.2d at 329. Principles of the law of negligence are also applicable to the liability of an agent to his principal for injuries to his principal's property when he is entrusted with the management of that property. *Haley v. Nickels,* 235 S.W.2d 683, 685 (Tex.Civ.App.—Austin 1950, no writ). We believe that when management

of the principal's property includes entering into contracts on the principal's behalf, that the laws of negligence may also apply to the agent's acts with regard to those contracts. No justification is presented by appellee to announce a rule that would shield an agent from its principal's claim of negligence.

■■■ Hartford argues that Walker County's motion for summary judgment wholly and completely failed to mention Hartford's causes of action for negligence and misrepresentations. We agree, and we note that the trial court should not have entered a final judgment disposing of these issues; the trial court's judgment should be reversed and the cause remanded with regard to these issues regardless of whether Walker County's evidence is applicable to these causes of action. *See Teer v. Duddlesten,* 664 S.W.2d 702, 703–04 (Tex.1984); *Schlipf v. Exxon,* 644 S.W.2d 453, 454–55 (Tex.1982). Walker County argues, however, that whether these causes of action were addressed is not relevant because it negated the damage element of Hartford's causes of action for negligence and misrepresentations. As discussed above, contrary to Walker County's assertions, it did not negate the damage element of Hartford's causes of action based on the settlement of the workers' compensation claim. We sustain Hartford's sub-point of error 2(c).

In its motion for summary judgment, Walker County also attacked the damage element of all of Hartford's causes of action for contribution and indemnity. Although, in its brief, by sub-point 5, Hartford asserts that it was entitled to contribution, in oral argument Hartford admitted that its cause of action for contribution was based on the settlement of Jackson's breach of good faith and fair dealing claim, a tort action, and that *Beech* applied to its claims for contribution. By conceding that it has no right to contribution, Hartford has waived its complaint of the trial court's judgment regarding its contribution claim. Hartford's sub-point of error 5 is overruled.

In its brief, by sub-points 4 and 6, Hartford contends that it still has a right to common law and statutory indemnity.

Hartford also asserted in oral argument that it believed that it still had a right to indemnity under the DTPA. We review, therefore, whether Hartford is entitled to either common law or statutory indemnity for Jackson's workers' compensation claim or for Jackson's breach of good faith and fair dealing claim.

■■■ By its sub-point of error 4, Hartford contends that Texas law would allow it to recover under its common law indemnity action. Although Hartford concedes that for the most part common law indemnity has been abolished in Texas, it contends that certain exceptions are recognized and it also may be entitled to common law indemnity. To the extent Hartford is claiming common law indemnity as a joint tortfeasor with Walker County under Jackson's breach of good faith and fair dealing cause of action, it is precluded; no doctrine of common law indemnity between joint tortfeasors exists. *Aviation Office of America, Inc. v. Alexander & Alexander of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex. 1988).

■■■ Hartford's claim against Walker County for common law indemnity for damages incurred as a result of having to pay the workers' compensation claim is controlled by their principal/agent relationship. An insurer can bring a claim against its agent for an amount paid to satisfy a claim on an insurance policy because the agent failed to follow the insurer's instructions. *See Jim Stephenson Motor Co. v. Amundson*, 711 S.W.2d 665, 666, 671 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Trinity Universal Ins. v. Fuller & Fuller & Peyton Ins. Agency*, 524 S.W.2d 335, 337 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Allco Ins. Agency*, 403 S.W.2d at 175. The method of recovering based on an agent's liability is a suit for indemnity, reimbursement, or unjust enrichment for the amount paid by the insurer under the insurance contract in question in order to settle the claim. *See e.g., Jim Stephenson Motor*, 711 S.W.2d at 666, 671; *Trinity Universal Ins.*, 524 S.W.2d at 337; *Allco Ins. Agency*, 403 S.W.2d at 175. Additionally, a party can recover exemplary damages in the form of attorney's fees from another party when they are for expenses incurred in defending a lawsuit in which the first party would not have been required to participate but for the actions of the other party. *See e.g., Frank B. Hall & Co. v. Beach, Inc.*, 733 S.W.2d 251, 262–64 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838–89 (Tex.App.—Eastland, 1984, no writ). Hartford is not precluded from its cause of actions for indemnity. The damages, as alleged, arise not out of Hartford and Walker County's joint status as Jackson's tortfeasors but out of a right to recovery arising from their principal/agency relationship. We sustain, in part, Hartford's sub-point of error 4.

By its sub-point of error 6, Hartford contends that Texas law would allow it to recover under its statutory indemnification cause of action. As an alternative form of relief, Hartford sought statutory indemnification pursuant to Tex.Bus. & Com.Code Ann. § 17.555 (Vernon Supp.1991). This section provides that a person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. Tex.Bus. & Com.Code Ann. § 17.555 (Vernon 1987). The person may recover all sums he is required to pay as a result of the action and his attorney's fees and costs. *Id.*

The workers' compensation action which Jackson brought was not brought under the DTPA. Hence, Hartford has no right to statutory indemnity for the workers' compensation act pursuant to the DTPA.

■■■ Jackson's breach of good faith and fair dealing cause of action was brought in part under the DTPA. Under the DTPA, there is no right to indemnity against a defendant who is not liable to the plaintiff. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 446 (Tex. 1989). Since there was no finding of liability for breach of good faith and fair dealing on the part of Walker County, and Hartford voluntarily settled the tort claim for

breach of good faith and fair dealing claim, Hartford cannot be indemnified by Walker County pursuant to the DTPA. We overrule Hartford's sub-point of error 6.

We do not address Hartford's sub-points of error 1 or 3 as neither is necessary to the disposition of this appeal.

Hartford cannot recover for its settlement of Jackson's breach of good faith claim based on its theories of contribution, statutory indemnity, and common law indemnity. The trial court's judgment is affirmed insofar as it denied Hartford such recovery on such theories. The judgment of the trial court is otherwise reversed in its entirety and remanded to the trial court.