**TRAVELERS INDEMNITY COMPANY, Appellant,**

v.

**Phillip Wayne LANDRUM et ux., et al., Appellees.**

No. 12755.

Court of Civil Appeals of Texas, Austin.

Oct. 4, 1978.

Rehearing Denied Nov. 1, 1978.

James N. Higdon, Wiley, Plunkett, Gibson & Allen, San Antonio, for appellant.

James Y. Bryce, Austin, for appellees.

## ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court filed on July 5, 1978, is withdrawn, and the following opinion replaces it.

Appellees, Phillip W. Landrum and wife and the American National Bank of Austin, Texas, recovered judgment against appellant Travelers Indemnity Company for $27,000 for the loss of a house. The question is whether the house was insured at the time of its destruction by fire.

The American National Bank financed the construction of a house for Landrum. On January 2, 1973, Landrum purchased fire coverage on the construction project for a six-month term from Travelers through Atkinson Brothers Insurance Agency. Landrum was the named insured and the bank was the loss payee. On July 2, 1973, Landrum through Atkinson renewed the coverage for another six-month term ending *January 2, 1974.* The insurance agreement was not reduced to writing until after the fire.

Because Landrum defaulted on the note, the bank in November, 1973, foreclosed the lien and conveyed to itself the house and lot. Neither Landrum nor the bank gave notice of foreclosure and change of ownership of the property to Atkinson or Travelers.

The foreclosure resulted in a substantial deficiency owed by Landrum to the bank. A bank official told Landrum that upon completion of the house the bank would reconvey the property to him upon the condition that he was properly financed and that, in the meantime, no one else had purchased the property.

After obtaining deed to the property the bank contracted with another builder to complete construction of the house. The house burned before completion of construction on *January 4, 1974.* Appellees made demand upon Travelers, but it refused to pay the loss.

Appellees sued Atkinson alleging that he breached his duty to appellees to renew the insurance policy. For cause of action against Travelers, appellees pleaded that the insurance company negligently failed to prepare and timely deliver the insurance policy to Atkinson and to them. Appellees alleged further that Travelers' failure to deliver the policy was a cause of Atkinson's failure to renew the policy. Although appellees did not plead an oral agreement to keep fire coverage in effect during construction, that issue was tried by consent. Tex.R.Civ.P. 67.[1]

After trial to the court, judgment was entered for appellees against Travelers for $27,000. The judgment provided that appellees take nothing from Atkinson.

Upon request the district court filed findings of fact and conclusions of law. The important findings are that Atkinson was a licensed recording agent for Travelers and that he was authorized by Travelers to make oral agreements to bind Travelers to temporary insurance agreements pending the issuance of formal insurance contracts. Prior to the January 2, 1974 expiration date of the policy ". . . covering the Landrums' property, and prior to the fire loss on January 4, 1974, Johnny Atkinson, Jr., made an oral agreement to keep fire insurance coverage in effect on said property during construction, and construction had not been completed when the loss occurred." The court found as a fact that the company's failure to issue the policy promptly and Atkinson's failure to renew the policy were negligence. That finding, however, did not serve as basis for entry of judgment.

The district court concluded that the Landrums had an insurable interest in the property even after foreclosure. Travelers became liable to appellees as a result of the agreement made by Travelers' agent, Atkinson. As Atkinson's agreement to bind Travelers was effective, Atkinson satisfied his obligation to the Landrums and was not liable to them.

Travelers attacks the judgment by several points of error. Our view is that point five is dispositive. Point of error five claims that the district court erred in entering judgment for appellees because, as a matter of law, there was no insurance in effect on the property on January 4, 1974. Appellees filed no cross-point complaining of error in the court's denial of their claim against Atkinson.

On July 2, 1973, Atkinson, at Landrum's request, renewed coverage on the property to January 2, 1974. In that connection Atkinson wrote to Travelers, "Please issue extension of captioned policy *for six months* from expiration date . . ." (Emphasis supplied). That coverage terminated on January 2, 1974, unless there was proof that Atkinson agreed in some manner to continue the coverage.

Landrum did not testify concerning an oral agreement with Atkinson to extend coverage after January 2, 1974. Only Atkinson testified to any such transaction. Atkinson testified that it was his intention that Landrum have coverage ". . . as long as Mr. Landrum was building the property until completion . . . ."

Atkinson testified further, "It was my intent to place and retain the Travelers Indemnity Company on the risk of insuring against physical loss coverages on that house under construction while Mr. Landrum was the owner and of [*sic*] at least co-constructor until completion of the house . . . ."

On cross-examination Atkinson admitted that he intended only to protect Landrum *as holder of legal title to the property. Atkinson did not intend to protect Landrum in any other capacity.*

 Atkinson intended to insure the property against physical loss so long as the property was under construction even though construction continued past January 2, 1974. Nevertheless, all the evidence is that continued coverage was conditioned

---

1. Appellees did not plead or introduce evidence to support a recovery based upon State Board of Insurance regulations or policy provisions providing automatic renewals of coverage. See *Trinity Universal Ins. Co. v. Burnette,* 560 S.W.2d 440 (Tex.Civ.App.1977, no writ).

The judgment is reversed and judgment is here rendered that appellees take nothing.